AMORY   *B. F. Gregory* and *J. Harper*, for the appellant.
v.
REILLY.   *W. H. Mallory*, for the appellees.

--------

## AMORY *v.* REILLY and Others.

As a general rule, the vendor has a lien on the premises for the purchase-money, not only against the vendee and his heirs, but against subsequent purchasers having notice that the purchase-money is unpaid.

But this rule, as to notice of the lien, applies where the vendor has parted with the legal title, and not where the vendee simply holds a bond for a deed upon full payment.

In the latter case, a purchaser from the vendee is not regarded as a *bona fide* purchaser without notice; because he might have known of the existence of the lien by examining the title of his vendor.

Where the original vendor has not parted with the legal title, it must be intended that he holds it as security for unpaid purchase-money; and all the incidents of a mortgage, so far as the lien is concerned, attach to the contract of sale.

An unpaid vendor is entitled to proceed as a mortgagor.

On default of payment, he might tender back the money received of the vendee, and rescind the contract; but if he elect to affirm it and sue upon it for a failure to pay, and obtain a decree and a sale of the land, he cannot again, under the same contract, subject it to sale.

The sheriff's sale, in such case, would extinguish the entire lien; the legal title, held as a mere security, subject to the incidents of a mortgage, would pass to the sheriff's vendee, as upon a mortgage sale.

The continuance of a cause may be set aside at the same term at which it was ordered, and the parties required to go to trial, if the Court is satisfied that no injustice will result to either party.

And where the grounds upon which the Court acted, in such case, do not appear in the record, they will be presumed to have been sufficient.

Friday,   APPEAL from the *Vanderburgh* Circuit Court.
November 27.
DAVISON, J.—*Amory* brought an action against *Reilly, Elliott, Burtis, Allis,* and *Howes,* upon a promissory note for the payment of 437 dollars. The note bears date *October* 3, 1853. It was payable to one *Mortimer Turner,* and by him assigned to the plaintiff.

Defendants, in their answer, aver that the note was given for a part of the purchase-money of certain real estate which they, at its date, bought of *Turner*, the assignor. They allege a partial failure of consideration, and state the facts upon which they base the alleged failure.   The facts stated are these: Formerly, the real estate, being a tract of land in *Vanderburgh* county, was owned by one *Douglas*, who sold it to *Andrew Kinnard* and *William Ewing* for 1,200 dollars, of which sum they paid in hand 460 dollars, and executed their promissory note for the residue; and, thereupon, *Douglas* gave them a bond for a deed upon payment of the note.   *Kinnard* and *Ewing* failed to pay, and *Douglas* instituted a suit against them in chancery, in the *Vanderburgh* Circuit Court, to subject the land to the payment of the residue of the purchase-money.   The record of that suit shows that *Kinnard* and *Ewing*, the then defendants, being non-residents, were duly notified by publication; that the cause, at the *September* term, 1837, was continued, but at the same term the continuance was set aside; that the defendants were called and regularly defaulted, whereupon, the Court decreed, *inter alia*, that said real estate be sold by the sheriff; that the proceeds of the sale be applied in payment of 787 dollars, then found due, &c.; that such sale being made, he, the sheriff, make a deed in fee simple to the purchaser; and that from thence, all the estate, both legal and equitable, of the defendants, in and to the premises, shall forever cease, determine, and be foreclosed.

Pursuant to the decree, the sheriff, on the 7th of *July*, 1838, exposed the land for sale, and on that day sold it to *Francis Amory* for 760 dollars, and thereupon made him a sheriff's deed.

At the time the land was sold, *Douglas's* claim, with the addition of interest from the date of the decree, was 823 dollars, upon which he received from the proceeds of the sale, after paying costs of suit and sheriff's cost, 717 dollars, leaving 106 dollars, a balance of purchase-money, due and unpaid.   *Amory*, the sheriff's vendee, on the 24th of *August*, 1841, sold and conveyed the land to one *Samuel*

*Turner*, who afterwards conveyed it to the said *Mortimer Turner*. And he, *Mortimer*, having sold the same to the defendants in this suit, and having received their note, being the note sued on, made them a deed, whereby he covenanted that he was lawfully seized, &c.; that the premises were unincumbered; and that he would warrant and defend the same against all claims, &c. Defendants aver that the 106 dollars of unpaid purchase-money, with interest from the date of the sheriff's sale, making the aggregate sum of 216 dollars, is a lien on the land, and for that amount, they say the consideration of the note in suit has failed.

The record shows that *Douglas* was made a party, and that he appeared and answered. In his answer, he sets up substantially the same facts stated in the above answer; avers that he is entitled to a lien on the land for 216 dollars, as before stated; says he holds the legal title to the premises, but offers to convey upon the payment of the lien, &c. To this, which is in form a counter-claim, the plaintiff answered, in effect, that *Douglas* having procured the decree and sale under it, is estopped from setting up title to the property in question, or enforcing a lien for the alleged balance of purchase-money. *Douglas* replied that the sheriff had not sold or conveyed (nor did the decree require him to sell) the title or interest of him, *Douglas*, in the land, or anything more than the interest of the said *Kinnard* and *Ewing*, &c. The plaintiff demurred to the defendant's answer, and also to the reply of *Douglas;* but his demurrers were overruled. And, thereupon, it was adjudged by the Court that, as to 216 dollars, part of the plaintiff's demand, he take nothing by his suit, and that for the residue, 275 dollars, he recover judgment. And further, it was ordered that the defendants pay the 216 dollars to *Douglas*, and that upon such payment he convey the land by deed in fee simple to the plaintiff, &c.

The general rule is, that the vendor has a lien on the premises sold for the purchase-money, not only against the vendee himself and his heirs, but against subsequent purchasers having notice that the purchase-money is unpaid.

Nov. Term,
1857.

AMORY
v.
REILLY.

But this rule, so far as it relates to actual notice of the lien, properly applies where the vendor has parted with the title, and not where the vendee simply holds a bond for a deed upon full payment of the purchase-money. In the latter case, a purchaser from the vendee cannot ordinarily be regarded as a *bona fide* purchaser without notice; because he might have learned the existence of the lien by examining the title of his vendor. Where the original vendor has not parted with the legal title, it must be intended that he holds it as security for unpaid purchase-money; and all the incidents of a mortgage, so far as the lien is concerned, attach to the contract of sale. An unpaid vendor is entitled to proceed as a mortgagor.

In this instance, *Douglas* might have paid or tendered back the money he had received from his vendees, and have rescinded the contract; but he has elected to affirm it—has sued on it for the failure to pay the note, and having procured a decree and sale of the land, the inquiry arises, can he again, under the same contract, subject it to sale? In other words, did the sheriff's sale extinguish the entire lien? If the vendor, in view of the contract of sale, held the legal title as mere security, subject to all the incidents of a mortgage, it would seem to follow that his title passed to the sheriff's vendee; because the effect of a sale under a mortgage, is to vest an absolute title in the purchaser. Indeed, the form of the decree favors this conclusion. It orders " the land to be sold, and directs the sheriff to make a deed in fee simple." This language plainly imports the sale and conveyance of the entire estate, both legal and equitable. And the result seems to be, that the vendor, having caused a sale of the land under the decree, exhausted his security, and that his lien thereby became extinguished.—18 Ala. R. 371.—25 *id.* 337.—6 B. Monroe, 74.—9 S. and M. 122.—*Hope* v. *Booth*, 1 B. and Adol. 498.

But it is insisted that the decree under which the land was sold, is itself void, on the ground that the Court, having continued the cause, had no authority at the same term to set the continuance aside, and proceed, in the absence of the defendants, to hear and decide the cause. It has been

decided that the proceedings of Courts are to be considered *in fieri* until the close of the term at which they are entered; and that the continuance of a cause may, therefore, be set aside during the same term, and the parties required to go to trial, if the Court is satisfied that no injustice will thereby be done to either of them. *Sanders* v. *Coffin*, 16 Ala. 421. This we consider a correct rule of practice. In the record before us, the grounds upon which the action of the Court is based are not stated; hence, we must presume that they were sufficient, especially as the question involved arises collaterally.

We think the demurrers should have been sustained.

*Per Curiam.*—The judgment is reversed with costs.

*A. Iglehart*, for the appellant (1).

*J. G. Jones* and *J. E. Blythe*, for the appellees.

(1) Mr. *Iglehart* cited the following authorities: Touching the verity of a record, 2 Smith's Lead. Cas. 488, note to *Duchess of Kingston's Case*.