Ralston and Another *v.* Lothain.

RALSTON and Another *v.* LOTHAIN.

The proceedings of a Court, until the close of its term, are *in fieri*, and subject to correction of errors and mistakes.

The Legislature may regulate, at pleasure, the proceedings of the Courts, both in relation to past and future contracts.

APPEAL from the *Delaware* Circuit Court.

DAVISON, J.—This was an action, by the appellee, who was the plaintiff, against *Benjamin Ralston* and *Mary McMullin*, to foreclose a mortgage. The complaint alleges, *inter alia*, that the defendants, on, &c., gave to the plaintiff two promissory notes—one for the payment of 200 dollars, and the other for 75 dollars—which notes were given for a part of the purchase money of a tract of land described thus: "The *north-east quarter* of the south-east quarter of section 8, township 19, north of range 10 east;" and that the defendants, to

secure the payment of said notes as they respectively matured, executed to the plaintiff a mortgage on the above tract of land; but through the mistake of the scrivener, who drafted the mortgage, the land, intended to be mortgaged, was therein misdescribed as "the *north half* of the south-east quarter of section 8, in township 19, north of range 10 east." The relief sought is, that the mortgage deed be re-formed, &c., and that the same be foreclosed, &c. There was a demurrer to the complaint overruled. Issues were made, and submitted to the Court for trial. Finding for the plaintiff. New trial refused, and judgment, &c. This cause, as appears by the record, was called for trial in the Circuit Court, on the 14th judicial day of the *March* term, 1861. Before entering upon the trial, it was discovered that the case, through mistake, had been, on a day of the term previous thereto, marked continued; and thereupon the defendants moved to continue the cause for this reason, namely, "the case having been marked continued, was understood by the defendants and their witnesses to be continued, and they were then all absent." This motion was overruled; and the defendants thereupon moved for a subpœna for the immediate attendance of their witnesses, which motion was also overruled. It further appears that the Court ordered the entry of continuance, so made by mistake, to be stricken out, and then directed the parties to proceed in the trial.

As the proceedings of Courts are to be considered *in fieri* until the close of the term at which they were entered, the Court, in this instance, had, no doubt, a right to correct its proceedings, by setting aside a continuance entered by mistake. *Sanders* v. *Coffin*, 16 Ala. 421; *Amory* v. *Reily*, 9 Ind. 490. But the appellants, in their brief, complain, that, believing the case to have been really continued, they were unprepared for trial, and upon the calling of it, were taken by surprise. These being the facts, they may have been entitled

to a continuance; but their motion for that purpose should have been supported by affidavit. Here no affidavit of the truth of the facts relied on was presented to the Court, and, consequently, there was no proper application for a continuance. Perkins' Practice, 240. During the trial, the plaintiff, *George Lothain,* was produced, as a witness, to prove that the premises intended by the parties to be mortgaged, were incorrectly described in the mortgage. The defendants objected to his introduction on the ground that he was not competent, (being a party to the suit,) to give testimony in the cause; but the Court overruled the objection, and they excepted.

An act in force when this trial was in progress says: "Every free white person of competent age shall be a competent witness in any civil cause or proceeding, and no person shall be disqualified as a witness by reason of interest in the event of that or any other suit, or because such person is a party in said action or proceeding." Act 1861, p. 52. This provision seems to be decisive of the plaintiff's competency. It is, however, insisted that the law, in relation to the competency of witnesses, in force when the mortgage was executed, alone applies to the point in question, and that that law renders him incompetent. We are not inclined to adopt this construction. "A State may regulate, at pleasure, the modes of proceeding in its Courts, in relation to past contracts, as well as future." Smith's Comm. 387. The act of '61 does this and nothing more. It would, indeed, be difficult to conceive how an act of the Legislature, which relates merely to the competency of witnesses, could in any sense impair the obligation of contracts, or affect vested rights. At the time of the trial of this case, the act in question was in force and effective—rendered the plaintiff a competent witness—and the result is, the Court, in admitting him to testify, committed no error. There is another error assigned; but it is passed

without notice in the appellant's brief, and will not, therefore, be noticed by this Court.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. H. Ellis* and *Jer. Smith,* for the appellants.