BARTEL *v.* TIEMAN ET AL.

CONTINUANCE.—*Absence of Witness.*—*Absence of Attorney.*—The absence of a witness in a cause, or of an attorney regularly employed to conduct such cause, without the fault of the applicant, is, upon filing a sufficient affidavit, a good cause for a continuance.

SAME.—*Supreme Court.*—The action of the circuit court, in refusing to grant a continuance of a cause, is subject to review by the Supreme Court on appeal, and, if erroneous, it is sufficient cause for the reversal of a judgment rendered in such cause, against the applicant for such continuance.

SAME.—*Bill of Exceptions.*—*Extrinsic Facts.*—If the action of a court, in refusing to grant a continuance of a cause, has been influenced by facts outside of those stated in the affidavit. therefor, they must, to be made available to sustain such decision on appeal to the Supreme Court, be set out in the bill of exceptions.

From the Wayne Circuit Court.

*H. C. Fox* and *H. B. Payne,* for appellant.

*W. A. Bickle* and *C. H. Burchenal,* for appellees.

PERKINS, J.—The appellee Tieman commenced suit in the Wayne circuit court, against the appellant and the other appellees, to collect money due on promissory notes, and to set aside alleged fraudulent conveyances of real estate.

On the 27th day of November, 1874, as appears by the record, the appellee Tieman filed his amended complaint. Demurrer, answers and cross-complaint followed; the cause progressed to issue for trial, and, on the 14th day of June, 1875, it was called for trial; whereupon the appellant moved for a continuance of the cause, on an affidavit showing these facts, viz.:

"That the cause was set down for trial on the 9th day of this month, (June,) and that she was ready for trial on that day; that she had procured the attendance of a very important witness, who lived in Cincinnati, Ohio; that she had, some time before, employed Henry C. Fox and John H. Popp, attorneys, to prepare and conduct her defence in said suit; that they had prepared themselves to

defend it, and were familiar with the facts and questions involved in it, and that she relied upon them to represent her; that said cause was not called in its order for trial until the evening of the 10th instant, at which time she was ready for trial, with her attorneys; that the court passed said cause and called another one, and proceeded to the trial of it, whereupon her witness from Cincinnati immediately left for his home in that city. Affiant further says, that her attorneys, who were then present, ready for trial, can not be present at this trial, at this term, owing to professional engagements elsewhere, which engagements were entered into before the time set for the trial of this cause, viz., the 9th instant; that they informed her of this fact, for the first time, on the 12th instant; that she has not employed other counsel, for the reason that no others were familiar with the facts of her defence, and that, after she was informed by her retained counsel that they could not be at the trial on this day, the intervening time, being but two days, was too short to enable other attorneys to familiarize themselves sufficiently with the case, to properly try it; and for the further reason that she is poor, as is also her husband, and unable to pay two sets of attorneys; that in the complaint she is charged with fraudulently receiving the title to lands therein described, with intent to cheat, hinder and delay the creditors of her husband, all of which charges are untrue; that all she has for herself and children is involved, and it is of the greatest importance to her to have her said witness, on the trial.

"Affiant further says, that her most important witness is one George Reitman, of Cincinnati, Ohio; that he was present, at the time this cause was set for trial and was passed by the court; that she had him summoned to attend at this time before he left; that she expects to prove by said witness that said property was purchased by her in good faith, and that she obtained one thousand two hundred and fifty dollars of him, and gave him a mortgage

to secure the same, all of which was done without any fraudulent intent; that after said cause was passed, as hereinbefore stated, said witness returned to Cincinnati, but, before he started, her counsel proposed to the opposite side to take his deposition, but they would not consent; that she can not prove the same facts by any other witness; that if this cause is continued, she can procure his testimony at the next term; that his absence is not by her procurement or connivance, and that the facts she expects to prove by said witness are true.

"Sophia Bartel."

The affidavit was duly sworn to. The continuance was refused. Trial. Final judgment against appellant, over a motion for a new trial.

It was early settled in this State, that a refusal to continue a cause, where a continuance ought to be granted, is error; that the appellate court will review the exercise of discretion in such cases, in the lower court. *Vanblaricum* v. *Ward*, 1 Blackf. 50; *Fuller* v. *The State*, 1 Blackf. 63.

This being so, we think this cause must be reversed. This court can look only to the facts stated in the bill of exceptions, in passing upon the question of discretion in the refusing of the continuance. If facts outside of those stated in the affidavit for a continuance influenced the action of the court below in the premises, the court should have taken care to have them stated in the bill of exceptions.

The judgment is reversed, with costs.

Petition for a rehearing overruled at the May Term, 1877.