WHITEHALL *v.* LANE ET AL.

CONTINUANCE.—*Absent Witness.*—Where an application for a continuance is. based upon the alleged absence of a material witness, an admission by the opposite party that such witness, if present, would testify to the facts.

alleged in the affidavit, as true, obviates any necessity for a continuance on that ground.

SAME.—*Absence of Attorney.*—Where, from the facts alleged in an application for a continuance on account of the absence of the applicant's attorney, and from the record it does not appear that the applicant was prejudiced thereby, the Supreme Court, on appeal, can not say that the action of the lower court in refusing the continuance asked was erroneous.

From the Warren Circuit Court.

*J. I. Taylor, J. C. Green, J. C. Pearson* and *J. S. Campbell,* for appellant.

*W. P. Rhodes,* for appellees.

Howk, J.—In this action, the appellees, as plaintiffs, sued the appellant, as defendant, in the court of common pleas of Warren county, Indiana, to recover the amount alleged to be due upon a promissory note executed by the appellant to the appellees.

The appellant answered, admitting the execution of the note in suit, but alleging a total failure of the consideration of said note, and giving in detail the particulars thereof.

The cause was put at issue and tried by a jury in the court of common pleas, at its February term, 1872, and a verdict was returned for the appellant, and judgment was rendered thereon, from which judgment the plaintiffs, now the appellees, appealed to this court.

On that appeal the judgment of the court of common pleas was reversed, because of the error of the said court in overruling the appellees' demurrer to the appellant's answer.

When the cause was remanded (courts of common pleas having been abolished), it was transferred by operation of law to the court below, for further proceedings. In the latter court the appellant so amended his answer as to obviate the defects therein pointed out by this court.

A full statement of the appellant's defence is given in the former opinion of this court in this case, as the

same is reported, under the title of *Lane* v. *Whitehouse,*
46 Ind. 389.

The cause, having been put at issue, was again tried
by a jury, and a verdict was returned for the appellees,
for the amount due on the note in suit; and the appellant's motion for a new trial having been overruled, and
his exception saved to such ruling, judgment was rendered
on the verdict.

In this court the only error properly assigned by the
appellant is the overruling of his motion for a new
trial.

The only cause for a new trial apparently relied upon
by the appellant for the reversal of the judgment in this
action, is the decision of the court below, in overruling
his motion for a continuance.

It appears from the record that the appellant's application for the continuance of this action was founded
upon two causes, shown by his affidavit. The first of
these causes, which was the absence of certain named
witnesses, was obviated by the appellees' admission that
the absent witnesses would testify to the facts stated in
the affidavit as true.   2 R. S. 1876, p. 164, sec. 322.

The second of said causes for a continuance was thus
stated in the appellant's affidavit:   " That he can not
safely go into the trial of this cause, on account of the
absence of his attorney, Monroe Milford; that he has
been and is his only attorney in said cause ; that the subject of said suit is complicated, and that affiant has a
meritorious defence, and that the presence of his said attorney is necessary to him in the trial of the same; that
on last evening, June 21st, 1875, said Milford received a
dispatch from Danville, Illinois, informing him that a
cause in which he had been previously employed, to wit,
*The State of Illinois* v. *Wm. Cupp,* was set down for trial
to-day, June 22d, 1875, and that affiant was not informed
of said fact until last evening about six o'clock P. M.,

and that said affiant has not had sufficient time to employ any other attorney, and to sufficiently inform him of the grounds of, and the questions involved in, his defence."

In section 323 of the practice act, it is provided, that "Any court, for good cause shown, may continue any action at any stage of the proceedings, at the cost of the applicant, to be paid as the court shall direct." 2 R. S. 1876, p. 165.

The question for decision, therefore, and it is the only question in this case, may be thus stated: Was the second cause shown in the appellant's affidavit a "good cause" for a continuance of this action? An application for the continuance of an action is peculiarly addressed to the discretion of the court before whom the cause is pending. When such application is overruled by the circuit court, and the correctness of that ruling is presented to this court as error, the record must show very clearly that injustice has been done, or the ruling will not be disturbed. *Galvin* v. *The State, ex rel.,* etc., 56 Ind. 51.

In this case, we can not say, from the record of this action, that any injustice was done the appellant by the decision of the court below, in refusing him a continuance of the case, on account of the absence of his attorney. It was not the fault of either the appellees or the court below, that the appellant's attorney was absent at the time set for the trial of this cause. It does not appear from the appellant's affidavit, that he made any effort, or used any means, to prevent the attorney from going away, or to secure his presence and assistance in the trial of this cause. It seems to us, also, that the affidavit did not show, with satisfactory certainty, that the appellant had not ample time, after he learned that his attorney would be absent on the day set for the trial of this cause, to employ another attorney, and to inform him fully of the grounds of his defence and of the questions involved therein. The issues were joined in the cause, and, as we

have seen, the burthen of those issues was on the appellant. His answer, which could be carefully read, studied and understood in an hour's time by any attorney, fully disclosed "the nature of his defence;" and the material question involved therein, as it seems to us, was, whether he could prove the matters alleged in his answer by sufficient evidence.

In our opinion, no error was committed by the court below, in overruling the appellant's motion for a new trial.

The judgment is affirmed, at the appellant's costs.