Belck v. Belck.

---

No. 11,082.

BELCK v. BELCK.

97      73
· 170    568

CONTINUANCE.—*Absence of Attorney.—Discretion of Court.*—An application for a continuance on account of the absence of an attorney is addressed to the sound discretion of the court, and unless it appears that injustice has been done, the ruling will not be disturbed.

SAME.—*Attorney and Client.*—In such case, where the party has other attorneys, and it does not appear that he has not had time to inform them of his case, the same will not be postponed.

SLANDER.—*Statute of Limitations.*—*Instructions.*—*Commencement of Action.*—An instruction, in an action of slander, informing the jury that the cause is not barred if the actionable language was spoken within two years before the complaint is filed, is not erroneous, when the writ was issued on the same day that the complaint was filed, as the action has then commenced.

SAME.—*Instruction.*—*Malice.*—If, in such case, no excuse was shown, or if the language was spoken with malice in fact, an instruction to find for the plaintiff, if the language is found to have been spoken as alleged, was correct.

SAME.—*Presumption.*—Where the language spoken is actionable *per se*, and no legal excuse or justification is shown, the law presumes malice.

SAME.—*Measure of Damages.*—An instruction to the jury, in such a case, that there is no legal rule governing the assessment of damages, is strictly correct, as these must be determined by them, in the exercise of a wise discretion, under all the circumstances of the case as disclosed by the evidence.

SAME.—*Evidence.*—A general direction to assess such damages as the jury think right, without any direction as to the rules of law by which they are to be governed, can not be approved, but where the evidence is not in the record and it may have shown a wanton and malicious injury, the jury were not limited in their assessment unless it indicated corruption or partiality, and, as this is not claimed, such instruction will not authorize the reversal of the judgment.

PRACTICE.—Where the evidence is not in the record, an instruction will not be deemed erroneous if proper under any supposable state of facts.

From the Marion Circuit Court.

*W. D. Bynum, A. T. Beck* and *W. F. A. Bernhamer,* for appellant.

*R. N. Lamb* and *S. M. Shepard,* for appellee.

BEST, C.—The appellee sued the appellant for slander in charging her with being a whore.

The complaint contains a half-dozen different set of words, each making the above charge, one-half in the second and the other half in the third person.

An answer in denial and that the cause of action was barred was filed; a reply, trial, verdict, and judgment for $1,000. A

Belck *v.* Belck.

motion for a new trial was overruled, and this ruling is assigned as error.

The first point relied upon for a reversal is that the court erred in refusing to continue the cause for three days because of the absence of one of the appellant's attorneys. The affidavit in support of this motion stated that one William D. Bynum, the appellant's attorney, and the only one with whom he consulted or who was cognizant of the facts constituting his defence, was then in Galveston, Texas, as a representative of the Grand Jurisdiction of Indiana of the "Knights of Honor," at the session of the Supreme Lodge of that order, or on his return therefrom, and that he would and could be ready to try the cause at the expiration of such time; that he had a good defence to said action, etc.

These applications are addressed to the sound discretion of the court, and unless it appears that injustice has been done the ruling will not be disturbed. *Whitehall* v. *Lane*, 61 Ind. 93.

This does not appear. The appellant had two other attorneys, and it was his duty to put them in possession of the facts constituting his defence. These they could readily understand, as the only defence pleaded was a denial that the words were spoken within two years before the commencement of the suit. But little time was necessary to render them conversant with such defence, and, for aught that appears, abundant time had already elapsed since he knew that one of his attorneys would be away when the cause would be reached for trial, to enable him to consult with and fully inform his other attorneys as to the facts constituting his defence. If so he was required to be ready, and was not entitled to a postponement until the return of the absent attorney. There was no error in this ruling.

The next point urged is that the court erred in charging the jury, that if the plaintiff proved by a fair preponderance of the evidence that the defendant used of and concerning the

plaintiff some set of words, or the substance of them, as alleged in the complaint, within the last two years before filing the complaint, they should find for the plaintiff.

This instruction is assailed upon two grounds. The first is that the filing of the complaint is not the commencement of the action, and, therefore, this instruction was erroneous. This is true. The action is not commenced, as a general rule, until the writ is issued, and as a cause of action which accrued within two years before the complaint was filed may be barred before the suit is commenced, the instruction, in view of the fact that the statute of limitations was pleaded, was not strictly correct, but as the writ in this case was issued upon the same day that the complaint was filed, the instruction was correct as applied to this case. The suit having been commenced on the same day the complaint was filed, the cause of action was not barred if the language was spoken within two years before the complaint was filed, and hence the instruction was not erroneous in this respect.

The next objection urged to this instruction is, that it directs the jury to find for the plaintiff, as appellant contends, without proof of malice. In other words, that the court assumed, if the words were spoken, that they were maliciously spoken. This was not erroneous. The law imputes the malice where the language is actionable *per se*, and no legal excuse or justification is shown. Townshend on Slander, section 87 ; 3 Sutherland Dam. 650, and authorities cited.

The evidence is not in the record, and in such case an instruction will not be regarded erroneous if proper under any supposable state of facts. *Boyd* v. *Wade*, 58 Ind. 138 ; *Davidson* v. *Nicholson*, 59 Ind. 411.

If, then, no excuse was shown, or if the charges were made with malice, in fact, as the language itself implies, the instruction was right, as upon proof of speaking of the words the plaintiff was entitled to recover. This was all the plaintiff was required to prove, and upon such proof, in the absence of an excuse, she was entitled to recover, though there

was no express malice. This instruction was not, therefore, erroneous.

The appellant also insists that the court erred in instructing the jury as follows: "There is no legal rule governing the amount of damages in cases of this character, but the question of damages is addressed to the sound judgment and discretion of the jury, taking into consideration all the evidence in the case and the circumstances under which they were spoken, and under this rule assess such damages as you think just and right under the circumstances."

The appellant insists that the instruction is erroneous in two respects, first, in saying to the jury that "There is no legal rule governing the amount of damages in cases of this character," and second, in saying to them, "Assess such damages as you think just and right under the circumstances."

The statement that there is no legal rule governing the amount of damages in cases of this character is strictly correct. The amount is to be determined by the jury, in the exercise of a wise discretion, under all the circumstances of the case as disclosed by the evidence. There are general rules applicable to the circumstances of each particular case, under and in pursuance of which the damages should be assessed, but no rule governing the amount. If the charge is uttered without malice in fact, the injured party is entitled to compensation, and if with malice in fact, then exemplary damages may be added. The amount, however, is not governed by any rule of law, but the jury, in the exercise of a wise discretion, must determine the amount of the compensation or of exemplary damages, as the case may be, under all the circumstances of the case. 3 Sutherland Dam. 643.

The general direction to assess such damages as the jury "think just and right under the circumstances," without any direction as to the rules of law that control, can not be approved, as it would seem to allow them to assess damages without any restraint or limitation, but according to their own arbitrary discretion. This the law does not authorize.

Townshend Slander, section 289; *True* v. *Plumly,* 36 Maine, 466; *Rose* v. *Story,* 1 Pa. St. 190.

The fact, however, that this general direction as given can not be approved, does not necessarily compel the reversal of the judgment. The evidence, as before stated, is not in the record, and in such case a wrong instruction will not authorize the reversal of the judgment unless the instruction is erroneous under any supposable state of facts. This has been held to be the rule under the present statute. *Drinkout* v. *Eagle Machine Works,* 90 Ind. 423. This rule being applicable, we can not say that the direction was erroneous under any supposable state of facts. The evidence may have established a case of wanton injury, inflicted under such circumstances as not only to warrant substantial compensatory damages, but to justify exemplary damages, and, if so, the jury, in the exercise of a sound discretion, were authorized to assess the damages at such sum as they thought just and right under the circumstances. In such supposed case of wanton and malicious injury, there is no limit to the assessment in the sound discretion of the jury other than the inhibition that the amount of the assessment must not indicate that it was the result of passion, prejudice or corruption. This is not claimed, and as the assessment is such as the jury were authorized to make in the case supposed, it does not appear that the general direction was not a proper direction under the circumstances. For these reasons we think this charge will not warrant a reversal of the judgment.

This disposes of all the questions raised, and as there is no error in the record, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellant's costs.

Filed April 23, 1884. Petition for a rehearing overruled Sept. 25, 1884.