The Evansville and Indianapolis Railroad Company v. Hawkins.

No. 13,217.

## THE EVANSVILLE AND INDIANAPOLIS RAILROAD COMPANY v. HAWKINS.

CONTINUANCE.—*Absence of Attorney.*—*Discretion of Trial Court.*—*Reversal of Judgment.*—The refusal to continue a cause, on account of an attorney employed therein being professionally engaged elsewhere, is not a ground for reversal, unless it clearly appears that injustice has been done, and the discretion vested in the trial court plainly abused.

From the Daviess Circuit Court.

*A. Iglehart, J. E. Iglehart* and *E. Taylor,* for appellant.
*W. R. Gardiner, J. C. Suit* and *S. H. Taylor,* for appellee.

ELLIOTT, J.—The issue between the parties to this cause was formed by the answer of general denial to the appellee's complaint, which sought to recover damages for injuries received by the appellee while a passenger on one of the appellant's trains.

A single question is presented, and that is: Did the trial court err in refusing to grant the appellant a continuance?

The issues were closed on the 10th day of June, 1885, and, on that day, the cause was continued on the appellant's motion. On the 7th day of October, of that year, a second application for continuance was made by the appellant and it is on that application that error is alleged. In support of the application affidavits were filed stating, in substance, that Messrs. Iglehart and Taylor were the regular attorneys of the appellant; that they had examined and prepared the defence of the cause, and alone had charge of said preparation, and that without their assistance the case could not properly be tried on the part of the defendant; "that John H. O'Neall, Esq., has been retained as local counsel only, and has had no charge of the preparation of the case or consultation with his associate counsel, and, therefore, is not prepared to conduct the defence; that Messrs. Iglehart and Taylor have used all prudence and care with their docket in setting

cases for trial in other counties with a view to be present at the trial of this cause on Tuesday, October 6th, 1885, the day on which said cause was set for trial;" that they entered on the trial of a cause in Vanderburgh county on Tuesday, October 1st, 1885; that "it was expected by all parties that the trial would be concluded before Saturday evening; that the trial is still in progress, and can not be concluded until after October 7th, 1885."

It is further stated in the affidavits that, " on Saturday, October 3d, Messrs. Iglehart and Taylor, finding the cause in Vanderburgh county would not be concluded for a day or two, nor for some days to come, caused a telegraphic message to be sent to Joseph C. Suit, counsel for plaintiff," and copies of the message and answer are set out.

It is contended by appellee's counsel that the refusal to continue will not be ground for reversal unless it clearly appears that injustice has been done and the discretion vested in the trial court plainly abused. The decided cases fully sustain this legal proposition. *Belck* v. *Belck*, 97 Ind. 73; *Whitehall* v. *Lane*, 61 Ind. 93; *Galvin* v. *State, ex rel.*, 56 Ind. 51.

In the two cases first cited the cause stated for a continuance was much the same as that stated in the affidavits before us, and they are, therefore, of controlling force. In view of the facts disclosed by the record and by the affidavits, we can not declare that the trial court abused the discretion vested in it by law. It is very often proper to postpone a case where counsel are engaged in other causes, and it is doubtless wise for the trial courts to be liberal in such cases; but the right to a postponement can not be regarded as an absolute one except in very strong and unusual cases. A plaintiff has a right to a speedy trial, and where, as here, the defendant has notice several days prior to the day appointed for trial that his regular attorneys can not attend, and has had in his service from the time of answering a " local attorney," it is his duty not to delay the plaintiff, but to pre-

pare the local attorney to try the cause. It would often be a great hardship upon a party to postpone his cause because adverse attorneys are engaged in other causes, and it is only in cases presenting very unusual features that postponement for the reason that attorneys are professionally engaged can be claimed as a matter of right. This, certainly, is not such a case, for it is not an unusual one, and we can not hold that there was an abuse of discretionary power by the trial court.

The telegraphic correspondence did not mislead the appellant's counsel, for there is nothing in it justifying an inference that a motion for continuance would not be resisted.

Judgment affirmed.

