TOWN OF PORTAGE ET AL. *v.* CLIFFORD ET AL.

[No. 968S148. Filed July 29, 1970.]

*Russell A. Willis, Willis and Rodin, Thomas E. Cahillane,* of Portage, for appellants.

*Charles T. Clifford, Chester, Clifford, Hoeppner & Houran,* of counsel, of Valparaiso, *Jerry P. Belknap, John D. Noland, Barnes,, Hickam, Pantzer & Boyd,* of counsel, of Indianapolis, for appellees.

JACKSON, J.—This is an appeal from a judgment of the Porter Circuit Court granting the appellees' motion for summary judgment and thereby permanently enjoining the appellants from enforcing or otherwise proceeding under an ordinance purporting to annex a portion of Porter County to the Town of Portage.

The appellees' complaint for injunction was filed in the trial court on July 12, 1967. In their complaint the appellees alleged that Ordinance #318 entitled "An Ordinance Annexing Certain Real Estate in Westchester Township, County of Porter, State of Indiana, to the Town of Portage, and Making Said Real Estate a Part of Said Town" was not duly and legally passed by the Board of Trustees of the Town of Portage, and is therefore void. The appellees' prayer was for a temporary injunction which would be made permanent upon final hearing.

A hearing on the complaint was held on July 21, 1967. From the evidence adduced at the hearing it appears that Ordinance #318 was introduced at a regular meeting of the Town Board of the Town of Portage which was held on June 20, 1967. All the members of the town board were present at this meeting. At the completion of the first reading one of the

trustees moved that the rules be suspended. The motion was seconded, but failed to carry. At the conclusion of the regular meeting the president of the town board announced that there would be a special meeting immediately following the regular meeting for the purpose of reading Ordinance #318 for a second time. At the special meeting the ordinance was read for the second time, and a motion was made to suspend the rules to permit action on the ordinance. The motion was seconded, and the rules were suspended by a vote of five (5) to two (2). Thereafter, a motion was made and seconded that Ordinance #318 be adopted. Four trustees voted in favor of the motion, one voted against, and two trustees abstained. The minutes of the special meeting then show that Ordinance #318 was adopted.

On July 28, 1967, the trial court found for the appellees on the issue of the temporary injunction, and enjoined the appellants from enforcing or taking any further action under Ordinance #318 until final hearing of the cause on further order of the court.

On November 28, 1967, the appellants filed a motion to dissolve the temporary injunction.

On December 1, 1967, the appellees filed their motion for summary judgment in which they alleged that there existed no genuine issue as to any material fact, that the appellants were guilty of laches in that a new municipality had been incorporated from the area sought to be annexed, and that the appellees were entitled to summary judgment as a matter of law.

The hearing on the appellees' motion for summary judgment was set for December 15, 1967. On December 13, 1967, the appellants' attorney filed a motion with the trial court to continue the hearing. In his motion he alleged that he was ill and unable to adequately prepare for and argue at the hearing. In addition, he alleged that he had vacation plans from December 18, 1967, until December 31, 1967. The

trial court granted the motion for a continuance on the same day it was filed.

On December 14, 1967, however, the appellees filed a verified motion to reinstate the hearing which was originally scheduled for December 15. In their motion for reinstatement the appellees contended that appellants' counsel had ample time in which to prepare for the hearing, that his motion for continuance was not supported by affidavit, that another attorney was still an attorney of record, and that the appellants failed to comply with Rule 1-16 in that the motion blank memorandum was not served on the appellees on the day it was filed. Hearing on the appellees' motion for reinstatement was set for December 15, 1967, and the appellees were ordered to serve a copy of the motion for reinstatement and the order on the appellants' attorney on December 14, 1967.

On December 15, 1967, the appellees appeared in court by counsel. The appellants, however, were not present, either in person or by counsel. The hearing proceeded in the absence of the appellants. After hearing evidence and arguments of counsel, the trial court granted the appellees' motion to reinstate the hearing, overruled the appellants' motion to dissolve the temporary injunction, and granted the appellees' motion for summary judgment. Judgment was accordingly entered against the appellants, and the temporary injunction was made permanent.

On December 18, 1967, the appellants filed a verified motion to set aside the default judgment, which reads, in pertinent part, as follows:

> "Comes now defendants by counsel and move the Court to set aside the order, judgment and decree entered by this Court on the 15th day of December, 1967, wherein the defendants' motion to dissolve a temporary injunction was denied and plaintiffs' motion and request for summary judgment was granted, and the injunction made permanent, all in this cause, and in support says:
>
> 1. That notice of plaintiffs' verified motion to reinstate hearing on motion to dissolve temporary injunction and

motion for summary judgment filed December 14, 1967 by the plaintiffs was not received by the defendants' counsel until constructively notified by his secretary, Mrs. Carol Black, on December 15, 1967 at approximately 9:30 a.m.

2. That from Wednesday evening until late Sunday counsel for the defendants was ill with the flu and was unable to leave his home. That on the morning of December 15, 1967, shortly after 9:30 a.m. defendants' counsel, Robert W. Bornholt, received a telephone call from one Lester Hineline, known to him as bailiff of the Circuit Court, who indicated that Judge Alfred J. Pivarnik wished to speak to defendants' counsel, and a conversation was then had. Defendants' counsel informed the Judge that he was ill and unable to be physically present at the hearing and the Judge indicated that he would not have granted the continuance if he had known that both parties would not agree. At no time did Judge Pivarnik indicate that the hearing would be held. It was only later in the day at approximately 3:00 o'clock p.m., that defendants' counsel learned by telephone that the hearing had in fact been conducted without his presence and the above described order was entered.

3. That on Wednesday, December 13, 1967, defendants' counsel filed a motion for a continuance, which was granted. This motion was taken to the Judge's chambers by defendants' counsel's secretary, Mrs. Carol Black, and at no time did defendants' counsel discuss the motion for a continuance with Judge Pivarnik, nor did he indicate in any way that plaintiffs' counsel had agreed to such continuance.

4. That defendants' counsel's office was closed the entire day of Thursday, December 14, 1967, and that no employee of his was present to receive or did receive the motion for reinstatement of the hearing filed by plaintiffs' counsel and heretofore referred to. That the actual notice was received when defendants' counsel telephoned his secretary early Friday morning and she advised him of finding this pleading on the stair ledge leading to defendants' counsel's office."

The appellees, on December 20, 1967, filed an affidavit in opposition to the appellants' motion to set aside the judgment. In pertinent part the affidavit reads as follows:

"John O'Hara, after being first duly sworn upon his oath, represents as follows:

1. That he is twenty-four (24) years of age, and is in his senior year as a student at the Valparaiso University School of Law. That he is employed part-time as a law clerk

for the law firm of Chester, Clifford, Hoeppner and Houran, Northern Indiana Bank and Trust Company Building, Valparaiso, Indiana.

2. That on December 14, 1967, at approximately 11:45 A.M., he filed in open Court, certain papers prepared by the law firm of Chester, Clifford, Hoeppner and Houran, and designated as Plaintiffs' Verified Motion to Reinstate Hearing on Motion to Dissolve Temporary Injunction and Motion for Summary Judgment. That immediately after filing same, he went out of the Court House and went to the office of Attorney Robert W. Bornholt, his address being 4 Indiana Avenue, Valparaiso, Indiana, with a stamped, signed copy of the Motion Blank Memorandum and Plaintiffs' Verified Motion. That he went downstairs in said building to try to deliver said papers personally to Attorney Robert W. Bornholt, but found that he was not in his office, and upon further inquiry, found that his secretary was not present. That he then went to the receptionist in said building, the name of said receptionist being unknown to this affiant, and delivered said papers to her, she being the person in charge of said office. That said Motion Blank Memorandum and Plaintiffs' Verified Motion was so delivered on the morning of Thursday, December 14, 1967, shortly prior to the hour of noon.

Further affiant sayeth not."

On December 21, 1967, the trial court denied the appellants' motion to set aside the judgment.

The appellants' motion for a new trial was filed on December 29, 1967. The motion alleged that the trial court erred in proceeding with the hearing on the motion for summary judgment in the absence of appellants and their counsel, and after a motion for a continuance had been granted. It further alleged that the decision of the court was not sustained by sufficient evidence, and was contrary to law in that the trial court erroneously applied a statute, Ind. Ann. Stat. § 48-1406 (1963 Repl.), allegedly applicable to cities.

On March 19, 1968, the appellees filed a motion to strike the appellants' motion for a new trial on the basis that the time for filing the transcript and assignment of errors with the Clerk of the Supreme Court had passed. The appellants, on March 28, 1968, filed a motion to expunge the entries

granting both the temporary and permanent injunctions on the grounds that the trial court lacked jurisdiction to grant the injunctions. Both of the above motions were overruled by the trial court on June 19, 1968.

In the assignment of errors, the appellants contend that the trial court erred in overruling their motion for a new trial, and in overruling their motion to expunge the entries granting the temporary and permanent injunctions.

At the outset we point out that both the motion for summary judgment and the motion for a new trial in the case at bar were filed prior to the Appellate Court's opinion in *Aldridge* v. *Aldridge* (1968), 143 Ind. App. 529, 233 N. E. 2d 781, which held that summary judgment is not a trial and that therefore the transcript and assignment of errors must be filed within ninety (90) days from the date of judgment, and not from the date of the ruling on the motion for a new trial. Thus, the appeal from the overruling of the motion for a new trial is, in this case, proper.

On appeal, the appellants argue that the trial court erred in reinstating the hearing scheduled for December 15, 1967, after the court had granted the appellants' motion for a continuance. The appellants concede that the granting of a continuance is discretionary with the trial judge. They contend, however, that under the circumstances in the case at bar the trial court abused its discretion in a manner prejudicial to the appellants by reinstating the hearing.

In *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 12 N. E. 2d 752, this Court defined the term "abuse of discretion" as follows:

"An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." 214 Ind. 10, 14, 12 N. E. 2d 752, 754.

In the case at bar the trial court, on December 13, 1967, granted the appellants a continuance on the basis of a motion in which the appellants' attorney alleged that he was ill and unable to prepare for and argue at the hearing. This motion was filed by the attorney's secretary. Thereafter, on December 14, 1967, the appellees filed a motion to reinstate the hearing, and the trial court set the time for the argument on the motion at 9:30 A.M. on December 15, 1967, the same day on which the hearing on the appellees' motion for summary judgment was scheduled. A copy of the motion for reinstatement and the court order setting the time for argument were ordered to be served on Robert W. Bornholt, the appellants' attorney, on December 14, 1967, the day the motion was filed. The affidavit of the part time law clerk who was to deliver the motion and order to the appellants' attorney on behalf of the appellees states that neither the appellants' attorney nor his secretary were in the attorney's office, and that the papers were delivered to an unknown receptionist in the building in which the attorney's offices are located. The appellants' attorney contends that he did not receive notice of the hearing until the morning of December 15, 1967, when his secretary phoned him to report that she found the papers on the stair ledge leading to counsel's office. Further, the appellants' attorney contends that he spoke with the trial judge over the phone, that he told the judge that he was ill with the flu, and that the trial judge did not indicate to him that the hearing would be held.

The granting of a continuance is discretionary with the trial court. *Bartel* v. *Tieman* (1876), 55 Ind. 438; *Graves* v. *Rayle* (1862), 19 Ind. 83. However, once a continuance has been granted, and the moving party led to rely on the order granting the continuance, the continuance may not be set aside if injustice will thereby be done to either party. *Amory v. Reilly* (1957), 9 Ind. 490.

In *Ralston* v. *Lothain* (1862), 18 Ind. 303, the trial court erroneously entered an order continuing the case. When the

trial court discovered the mistake the defendants moved for a continuance on the grounds that they had been led to believe that the case was continued, and that they were unprepared for trial. The motion was overruled. On appeal, this Court stated, "These being the facts, they may have been entitled to a continuance * * *." Id. at 304, 305. This Court, however, refused to consider the issue, ruling that the motion to the trial court had been improperly presented.

In *Barner v. Bayless* (1893), 134 Ind. 600, 33 N. E. 907, the trial court granted a motion for a continuance on the grounds of sickness in the family of appellants' counsel. The continuance was subsequently set aside. This Court held that it was not error to set aside the continuance in that case since the appellants were given ample time to prepare for trial after the continuance had been set aside. Further, the attorney on whose behalf the continuance was originally granted appeared and assisted in the trial of the case. In ruling that it was not reversible error to set aside the continuance under the circumstances in that case, this Court said, "There is nothing in the record showing that the appellants were in any way injured by this action of the court." Id. at 605.

In the case at bar, however, there is ample evidence in the record to show that the appellants were injured by the trial court setting aside the continuance. First, counsel for the appellants stated in his affidavit filed with the motion to set aside the default judgment that he did not receive notice of the appellees' motion to reinstate the hearing until so notified by his secretary at the time and date when the hearing was to be held. By the affidavit of the law clerk employed by the appellees' counsel, it is evident that on December 14, 1967, notice was not given to appellants' counsel of the motion to reinstate, and the hearing to be held on the motion. Moreover, counsel for the appellants contends that during this time he was sick in bed and unable to represent the appellants at the hearing on the motion for summary judgment to be held on December 15, 1967. Apparently, the trial court was

of the opinion that counsel was ill since it was on this basis that the trial court granted the continuance in the first place. Finally, relying on the trial court's order granting the continuance, as he had a right to do, the appellants' counsel failed to appear and represent the appellants at the hearing on the appellees' motion for summary judgment.

It is clear from the record that counsel was not given any, let alone ample time to prepare for the hearing after it had been reinstated since he had no knowledge of the motion to reinstate or the order setting the hearing on the motion to reinstate until the time the hearing was to be held. Moreover, the hearing on the motion for summary judgment was held at the same time as the hearing on the motion to reinstate. Therefore, unlike *Barner* v. *Bayless, supra,* the appellants did not have ample time to prepare after the hearing had been reinstated.

Under the circumstances disclosed by the record in the instant case, reinstatement of the matter set for hearing, after first granting a continuance, without affording opposing counsel who obtained the continuance and relied on the order of the court granting same, ample notice of such reinstatement and adequate opportunity and time to prepare therefor constituted an abuse of discretion by the trial court.

The case at bar is distinguishable from those cases cited by the appellees, see, *Whitehall* v. *Lane* (1878), 61 Ind. 93; *Evansville & I. R. Co.* v. *Hawkins* (1887), 111 Ind. 549, 13 N. E. 63, for the proposition that the granting of a continuance is discretionary with the trial court. Here, the trial court granted the continuance, and counsel was led to believe that the hearing would not be held on December 15, 1967.

The appellees place great stress on the fact that another attorney was an attorney of record for the appellants at the time the motion for summary judgment was to be argued. They contend that the appellants have failed to show that the other

attorney of record could not have been prepared to represent the appellants at the summary judgment hearing.

While it is true that another attorney was an attorney of record at the time the hearing was to be held, it is clear from the record that the other attorney was not involved with the case at the time of the hearing. Indeed, appellee Clifford, who served as an attorney for the appellees at the hearing on the motion to reinstate and on the motion for summary judgment, testified at the hearing on the motions that he knew personally that the appellants' present counsel had replaced the other attorney of record as Town Attorney for the Town of Portage on November 27, 1967. Further, the other attorney of record, Mr. Buls, testified at the same hearing that he had nothing to do with the case, and that he had not received copies of the pleadings pertaining to the hearing. He also stated that he was no longer representing the appellants. It is therefore clear that Mr. Buls was not prepared to represent the appellants at the hearing. It would seem that the appellees would have served Mr. Buls with copies of the pleadings and notice of the hearing if they thought that he was still representing the appellants.

The judgment of the trial court is reversed and this cause is remanded to the trial court for further proceedings on the appellees' motion for summary judgment.

Hunter, C.J., DeBruler and Givan, JJ., concur; Arterburn, J., concurs in result.

NOTE.—Reported in 260 N. E. 2d 566.