**Robert S. BOLES, Plaintiff-Appellant,**

v.

**Wayne WEIDNER and W.W. Service Center, Defendant-Appellee.**

No. 683S199.

Supreme Court of Indiana.

June 7, 1983.

Rehearing Denied Aug. 11, 1983.

Anthony J. Iemma, Iemma & Hughes, Elkhart, for plaintiff-appellant.

Thomas D. Blackburn, May, Oberfell, Helling, Lorber, Campiti & Konopa, South Bend, for defendant-appellee.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Indiana Court of Appeals. The Elkhart Superior Court initially granted a default judgment against the defendants-appellees, Wayne Weidner and W.W. Service Center, but reversed itself after hearing evidence on the breakdown of communication between two insurance agencies involved in the lawsuit. The Court of Appeals, Fourth District, reversed the trial court's decision and ordered it to enter judgment for the plaintiff-appellant, Robert S. Boles. *Boles v. Weidner,* (1982) Ind. App., 440 N.E.2d 720.

The question presented for our review is whether the trial court correctly ruled that the breakdown in communication between the Gibson Insurance Agency, which was Weidner's independent insurance agency, and the Hartford Insurance Agency constituted mistake, surprise, or excusable neglect under Ind.R.Tr.P. 60(B)(1). We find the Court of Appeals to be in error. Accordingly, we grant transfer, vacate the Court of Appeals' opinion, and affirm the trial court's decision.

The facts as set out by the Court of Appeals are as follows:

"Robert S. Boles was involved in an automobile accident with Wayne Weidner on December 19, 1978. Prior to commencement of any suit, Weidner was advised of Bole's representation by counsel by letter on January 16, 1979. Weidner's insurer responded to such notification by letter. Correspondence between Boles' lawyer and the insurer followed.

Boles filed his complaint for damages on October 17, 1980. Weidner and W.W. Service Center, his employer, were both served with a copy of the complaint and summons. No appearance was made for either party. On December 4, 1980, Boles moved for default judgment. The motion was granted that day. On December 29, 1980, the trial judge heard evidence of Boles' damages and granted judgment against Weidner and W.W. Service Center in the sum of $65,000.00 plus costs.

Counsel for Weidner and W.W. Service Center entered an appearance on September 1, 1981, and filed a motion for relief from judgment. Weidner claimed that he had given the summons and complaint to the Gibson Insurance Agency which was to notify the Hartford Insurance Group, Weidner's insurer. A 'breakdown in communication' between the Gibson Insurance Agency and the Hartford Insurance Group resulted in Hartford not receiving notice of the suit. Weidner contended that the breakdown in communication constituted mistake, inadvertent surprise or excusable neglect which justified the setting aside of the default judgment.

After initially granting the motion without hearing any evidence, the trial judge set aside the grant of relief and heard evidence. It when granted the motion in January of 1982 making the following findings:

'[T]he amount of the judgment is large, there are material issues of fact on the issue of liability as well as damages, *the breakdown in communication between the independent insurance agency (Gibson Insurance Agency) and Hartford Insurance Group constitutes mistake, inadvertent surprise or excusable neglect, and the failure of plaintiffs' counsel to exercise the common courtesy of notification to the insurance carrier (Hartford) of the existence of a suit constitutes conduct prejudicial to the entry of a default judgment and a factor which contributed to the entry of default.'* " [Emphasis by Court of Appeals]

On appeal, Boles contended that the trial court's ruling was an abuse of discretion because there was no evidence to support its findings and thus its granting of the motion was contrary to law. The Court of Appeals agreed, finding that there were

not sufficient facts before the trial court to justify excusable neglect and therefore held that the trial court erred in entering judgment for the appellees.

T.R. 60(B) provides in pertinent part:

## "RELIEF FROM JUDGMENT OR ORDER

(B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

(2) any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;

(3) fraud (whether heretofore denominated instrinsic (sic) or extrinsic), misrepresentation, or other misconduct of an adverse party; ...."

In a recent decision, *Siebert Oxidermo, Inc. v. Shields,* (1983) Ind., 446 N.E.2d 332, 340, this Court stated:

"We initially note that our standard of review in the area of default judgments is a limited one. The decision whether or not to set aside a default judgment is committed to the sound discretion of the trial court. Thus, our review is limited to determining whether there has been an abuse of discretion. *Henderson v. American Optical Co.* (1981), Ind.App., 418 N.E.2d 549.

... The trial court's discretion is necessarily broad in this area as any determination of excusable neglect must turn upon the unique factual background of each case. No fixed rules or standards have been established as the circumstances of no two cases are alike. *Grecco v. Campbell* (1979), Ind.App., 386 N.E.2d 960."

An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts or the reasonable, probable deductions to be drawn therefrom. *Town of Portage v. Clifford,* (1970) 254 Ind. 443, 449, 260 N.E.2d 566, 570; *McFarlan v. Fowler Bank City Trust Co.,* (1938) 214 Ind. 10, 14, 12 N.E.2d 752, 754; *B.G.L. v. C.L.S.,* (1977) 175 Ind. App. 132, 369 N.E.2d 1105, 1107.

In its findings, the trial court found that the failure of the plaintiff's counsel, Mr. Iemma, to exercise the common courtesy of notification to the insurance carrier of the lawsuit's existence constituted conduct prejudicial to the entry of a default judgment and was a factor which contributed to the entry of default. Common courtesy notwithstanding, the Court of Appeals stated that the plaintiff's attorney was under no obligation to notify Hartford of any lawsuit. The Court of Appeals stated that Mr. Iemma was an advocate for the plaintiff, not for the defendants, and notifying the insurer was the insured's obligation. These statements are generally true and, of course, counsel's failure to notify the carrier of the entry of a lawsuit would not, standing alone, justify the trial court in setting aside the default judgment. It is clear, though, the trial court did not set aside the judgment for this reason. The trial court concluded that the failure of the attorney to notify the common carrier was one factor which contributed to the entry of default. This was a proper consideration to give in granting the motion to set aside the default judgment. Although the attorney had no duty to notify the defendants' carrier of the lawsuit, our concern is whether the defendants' negligence in not appearing in the lawsuit was excusable under all the facts and circumstances.

The evidence before the trial court showed that Weidner informed his independent insurance agent of the facts involving the accident to his truck. When he was served with the summons, Weidner immediately gave it to his insurance agent to be forwarded to the Hartford Agency. There was an apparent breakdown in communica-

tion between the independent agency and Hartford because Hartford failed to receive the summons and complaint. Whether the breakdown in communication was the fault of the Gibson agency or the Hartford office is not fully explained. It appears the Gibson agency thought it had forwarded the documents when in fact it had not; consequently, Hartford did not receive them. Since Weidner did not hear from anyone, and had taken the steps expected of him, it certainly is reasonable for the trial court to find there was excusable neglect justifying setting aside the default judgment.

Other evidence also showed that Weidner received a letter from Anthony Iemma, Boles' attorney, dated January 16, 1979, directing him to notify his insurance company. Weidner notified his insurance company of the letter. Earlier, on January 2, 1979, Marylee Gayby, a claims representative for the Hartford, was informed by the Gibson Insurance Agency about the accident involving Boles and Weidner. On January 22, 1979, Gayby received a letter from Boles' attorney which was Hartford's first indication that Boles was making a claim for personal injuries. On January 24, 1979, Gayby mailed a letter to Boles' attorney asking him to forward all future correspondence to her. Gayby attempted, without success, on at least ten occasions, to obtain Boles' medical records. Finally, on January 30, 1980, Gayby received a letter from Boles' attorney stating that he would try to compile the medical information. After Gayby received the January 30th letter, Gayby was not contacted again until August 10, 1981. At that time Gayby received a letter from Boles' attorney, advising her of the default judgment. Neither Gayby nor anyone else employed by Hartford received notice of the lawsuit prior to the notification of the default judgment.

Hartford claims that if notification had been received Gayby would have taken action immediately to have an attorney appear, answer, and defend the case on behalf of Wayne Weidner and W.W. Service Center. Defendants' position indicates that Weidner had done everything that apparently needed to be done. Because of the breakdown in communications between the agent and the carrier, neither of them was aware that the lawsuit was pending without the proper response of hiring an attorney and entering an appearance. In view of all of the facts and circumstances before the trial court, it did not abuse its discretion in finding that Defendants' conduct was excusable in failing to appear and defend the lawsuit. There were sufficient facts presented to support setting aside the default judgment. The conclusions reached by the trial court were not clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Town of Portage, supra; McFarlan, supra.*

Transfer is granted, the opinion of the Court of Appeals is ordered vacated, and the trial court is in all things affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.