*693 BARNES, Judge,
dissenting.
I understand the reasoning of my colleagues in the majority here. I respectfully do not agree with it. I do not believe that Huntington proved that excusable neglect led to its delay in responding to Car-X’s complaint, as required to grant a motion for relief from judgment under Indiana Trial Rule 60(B)(1).
The record before us indicates that the person at Huntington who was designated to receive pleadings of the type filed here was unavailable to discharge her duties for some period of time because of maternity leave. Huntington evidently failed to take adequate steps to cover these duties in her absence. The time period for responding to the complaint ran and, although Huntington acted fairly promptly after the error was discovered, it still was at least twenty days after the deadline when it did so.
To me, this ease is virtually indistinguishable from Smith v. Johnston, 711 N.E.2d 1259 (Ind.1999), where our supreme court addressed a very similar fact pattern and held it did not establish excusable neglect. In that case, a doctor was timely served with notice of a medical malpractice complaint. The doctor’s office manager ordinarily handled legal affairs, but he was out of the office and in the process of quitting his job when the complaint was received and signed for by a nurse. The nurse placed the complaint on the doctor’s desk, but the doctor did not look at it until after default judgment was entered. The doctor moved for relief from judgment, which the trial court denied.
Our supreme court rejected the doctor’s claim that his failure to read the complaint in a timely fashion constituted excusable neglect under Trial Rule 60(B)(1). I quote extensively from the court’s reasoning, which is highly informative in this case:
This is neglect, but not excusable neglect as the term appears in Rule 60(B)(1). Smith was aware that the person who normally handled legal mail was no longer doing that job. Nonetheless, Smith ignored his mail, including the summonses and motion for default. We do not agree that the failure of Smith to read his mail amounts to a breakdown in communication sufficient to qualify as excusable neglect under Trial Rule 60(B)(1). Smith’s case is distinguishable from our previous decisions finding excusable neglect for a breakdown in communication. In those cases the defendants did all that they were required to do but subsequent misunderstandings as to the assignments given to agents of the defendants resulted in the failure to appear. In Whittaker [v. Dail, 584 N.E.2d 1084 (Ind.1992) ], the insurance adjuster believed she had employed an attorney to defend the insured but the attorney thought he was to institute a declaratory judgment against the insured. 584 N.E.2d at 1086; see also Boles v. Weidner, 449 N.E.2d 288, 290 (Ind.1983) (breakdown in communication between the independent agent and the insurance agency). Here, Smith knew his mail was unattended and accepted the risk of adverse consequences. The judicial system simply cannot allow its processes to be stymied by simple inattention. There may be cases where a trial court will find excusable neglect based on similar omissions due to external pressures on a sympathetic defendant, but it was not an abuse of the trial court’s discretion to refuse to do so here.
Smith, 711 N.E.2d at 1262. The Smith court went on to hold that the doctor was entitled to relief from judgment under Trial Rule 60(B)(3) based on misconduct of opposing counsel. Smith, 711 N.E.2d at 1264. Because of this, the court’s discussion regarding Trial Rule 60(B)(1) might *694 be regarded as dicta not essential to resolution of the case. Still, I presume that the court’s extended discussion and analysis of Trial Rule 60(B)(1) accurately reflects its view of that Rule’s requirements. I also observe that, in deciding whether excusable neglect existed, our supreme court did not take into consideration factors such as the amount of money involved, _ the existence of material issues of fact, the length of the delay, or whether the non-movant was prejudiced by the delay. Cf. Green, 168 Ind.App. at 473, 344 N.E.2d at 110.
Excusable neglect to me is just that: excusable neglect, not just neglect. It is something that can be explained by an unusual, rare, or unforeseen circumstance, for instance. One employee’s maternity leave is not such a circumstance and should not be used as an excuse for delaying judicial proceedings beyond the clear deadlines set by our Trial Rules, especially where a large and sophisticated party such as Huntington is concerned. I would defer to the trial court’s exercise of its discretion in this matter, and I vote to affirm its denial of Huntington’s motion for relief from judgment.