In re FAGAN.

(District Court, South Carolina. November 10, 1905.)

1. BANKRUPTCY—TIME FOR FILING CLAIMS—STATUTORY LIMITATION.

While Bankr. Act 1898, c. 541, § 57n, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444], providing that "claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication," is an absolute bar to the proving or allowance of a claim after the expiration of a year, where the creditor is chargeable with any laches, it must be construed in the light of the main purpose of the act, which is to secure an equal division of assets between bona fide creditors, and should not be held to bar a just claim, which, owing to peculiar circumstances, could not have been proved within the year.

2. SAME.

A creditor received payment of its claim in good faith within four months prior to the bankruptcy of the debtor, but at suit of the trustee was compelled to repay the amount as a voidable preference; the fund so recovered constituting the only assets of the estate which came into the hands of the trustee for distribution. Final judgment was not rendered until more than a year after the adjudication, and the creditor promptly paid it and filed proof of its claim against the estate. Its justness was undisputed, and no objection to its allowance was made by any other creditor. Held, that under the circumstances, and in view of the fact that the creditor had no provable claim until payment of the judgment, it was not barred by Bankr. Act 1898, c. 541, § 57n, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444].

In Bankruptcy. On review of decision of referee.

M. F. Ansel, for claimant.

B. A. Morgan, for creditors.

BRAWLEY, District Judge. This is a review of the decision of the referee disallowing the claim of the People's Bank of Greenville against the estate of the bankrupt, the said claim having been presented more than a year after the adjudication in bankruptcy; the referee holding that the terms of section 57n (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]) were mandatory, and prohibit the allowance of any claim after the expiration of a year from the adjudication, citing numerous authorities which hold that this provision is an absolute prohibition against proof and allowance of claims when presented after the expiration of one year. The terms of the section are as follows:

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication, or if they are liquidated by litigation and the final judgment therein is rendered within 30 days before or after the expiration of such time, then within 60 days after the rendition of such judgment."

The language is unqualified, and there is a uniformity of decisions in the District Courts holding that creditors who have negligently failed to make proof of their claims within one year after the adjudication are barred. The only question is whether these cases should govern in a case like this, where the circumstances are peculiar. They rest upon the general principle that the whole scheme of the bankrupt act contemplates a speedy winding up of the estates of bankrupts, and tardy creditors ought not to be allowed to defeat the object of the act by a negligent delay in the proof of their claims.

Fagan had been adjudged a bankrupt in involuntary proceedings in 1902. He was a merchant doing business in Greenville, and within four months of the commencement of the proceedings in bankruptcy against him had sold out his stock of goods, upon which the People's Bank had a mortgage for something over $2,000, to one Stradley for about $3,500, and out of the purchase money the debt of the People's Bank was paid. Oscar Hodges, the trustee of the bankrupt, commenced a suit in the state court against the People's Bank to recover the money so paid, on the ground that it was a preferential payment and in violation of the bankruptcy law. The case was referred to a referee, who held that the payment was not in fraud of the act, but upon exceptions to his report the same was reversed by the Circuit Judge. The bank was ordered to pay over the money to the trustee, and this judgment was subsequently affirmed by the Supreme Court of the state. The bank paid over to the trustee the amount theretofore received by it, and within 30 days filed its proof of claim with the referee to share with other creditors in the bankrupt estate. It appears that the whole estate of the bankrupt in the hands of the trustee for distribution consists of the money so paid. No question is made as to the bona fides of the indebtedness to the bank; but the referee, suo motu, refused to allow the claim to be proved, for the reasons already stated.

The exceptions raise two questions: First, that under section 57d claims shall be allowed unless objection to their allowance shall be made by parties in interest, and, as none of the creditors objected, the referee should not of his own motion have rejected the claim, it being submitted that, the limitation of section 57n being in the nature of a statute of limitations, it must be especially pleaded, and should not be considered by the court of its own motion; and the second ground is that there was no undue delay in presenting the claim after the end of the litigation, and that, it being admitted that the claim is justly due, the People's Bank is entitled to share pro rata with other creditors.

The fundamental principle of the bankruptcy law is that creditors are entitled to share equally in the bankrupt estate, and in construing its various provisions courts cannot ignore this principle. The provisions for winding up estates within one year are all made in the interest of creditors, and, as stated, there is a uniformity of decisions that creditors lose their rights by laches in failing to prove their claim within the year allowed for administration. The Supreme Court of the United States has lately held, in Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790, that:

The "creditor of a bankrupt who has received a merely voidable preference, and who has in good faith retained such preference until deprived thereof by the judgment of a court upon a suit of the trustee, can thereafter prove the debt so voidably preferred."

Under that decision there can be no doubt, therefore, that the bank can lawfully prove its debt. Can this right be lost within one year after the adjudication in bankruptcy, as the referee has decided? Has the administration of the estate been hindered or delayed by its laches? Clearly not, because there was no estate in the hands of the trustee for distribution prior to the final judgment of the Supreme Court, and within 30 days thereafter its claim was submitted to the referee in due form. Prior to that judgment the bank had no claim which it could prove. Its debt had been paid, and it had no claim against the bankrupt estate. Shall it therefore be barred from any participation in the estate of the bankrupt because it has not done what it was impossible for it to do, to wit, prove a claim which did not exist? To refuse to allow the bank to prove its claim will be in effect to hold that it has forfeited all right to participate in the estate of the bankrupt, because it has litigated its rights to uphold the payment of its debt made prior to the adjudication. This the Supreme Court, in the Keppel Case, has held cannot be done; that it is the privilege of a citizen to submit his claims to judicial tribunals without subjecting himself to penalties of an extraordinary character; and that the right to prove its lawful claim against the bankrupt estate was not forfeited simply because it elected to put the trustee to proof in a court of the existence of the facts made essential by the law to an invalidation of the preference. That the debt due the bank is bona fide, and that it is a lawful claim against the bankrupt estate is undisputed, nor is it questioned that its litigation was in good faith.

Such being the case, it seems to me that under the well-settled rule that so long as a fund is undistributed a court may allow a just claim to participate in the distribution, notwithstanding the fact that by its previ-

ous orders all claims were required to be proved by a certain day or be barred, the bank ought to be allowed its pro rata share in the fund in the hands of the trustee. No laches can be imputed to it, for it proceeded without delay to make its claim after the final judgment, and its case, therefore, does not seem to me to be governed by the principle which controlled in the numerous cases cited by the referee, in all of which the creditors held to be barred had been guilty of some neglect in proving their claims, and were barred by the express limitations of section 57n. In this case the bank could not have proved its claim within the time limited without a surrender of rights upon which it was its privilege to ask the judgment of the court, and until the final adjudication of such rights it had no claim which it could present. The reasons for the rule requiring proofs of claims within 12 months failing, I am of opinion that the rule itself fails, and section 57n, therefore, does not seem to me to be operative in this case. I have not been able to find any authorities to sustain this view, and this decision must therefore rest upon the general principle, which lies at the foundation of the bankruptcy act, that all creditors are entitled to share equally in the estates of bankrupts.

The judgment of the referee is reversed, and the case remanded to him, with instructions to proceed in accordance with this opinion.