STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. STATE BANK OF PAPILLION: R. O. BROWNELL, RECEIVER APPELLANT: ALBERT HALPIN, INTERVENER, APPELLEE.

FILED MARCH 28, 1930. No. 26813.

*Crossman, Munger & Barton,* for appellant.

*Nickerson & Nickerson,* contra.

Heard before GOSS, C. J., DEAN, EBERLY and DAY, JJ., and RHOADES, SPEAR and TEWELL, District Judges.

TEWELL, District Judge.

This cause comes to this court upon appeal by the receiver of the State Bank of Papillion, Nebraska, from an order of the district court allowing the claim of the inter-

vener, Albert Halpin, against the insolvent bank as a deposit, and directing its payment by order upon the bank guaranty fund. The facts are established either by admissions in the pleadings or by the stipulation of facts that is incorporated in the bill of exceptions.

The record discloses that on September 4, 1926, R. O. Brownell was by the district court for Sarpy county, Nebraska, duly appointed receiver of the State Bank of Papillion, hereinafter designated as the bank. On September 15, 1926, the receiver filed in the district court for Sarpy county, Nebraska, that being the county in which the bank was located, a petition designated as "Mailing List of Creditors of State Bank of Papillion." It appears that in this petition the intervener, Albert Halpin, was designated as a creditor, but that his address was not given, the entry therein being "Halpin, Albert, address unknown." On September 16, 1926, an order of the district court for Sarpy county was made and entered of record limiting the time for filing of claims against the bank to November 15, 1926, and fixing the date for a hearing on such claims as December 15, 1926. On September 20, 1926, the receiver furnished the newspaper designated by order of court a notice to creditors, and the same was by it published once each week for two weeks. This notice to creditors was posted on the door of the bank on September 16, 1926. The address of Albert Halpin was not known to the receiver, and on September 22, 1926, the receiver mailed a notice of the time and place of hearing on claims with a blank form for filing of claim, addressed to "Albert Halpin, Papillion, Nebr." The envelope containing this notice and form was returned to the receiver bearing the stamp "Address unknown." The record further shows that the intervener, Halpin, deposited in the bank on September 9, 1925, the sum of $438.33, and that at the time the receiver took charge of the bank he had on deposit in a checking account the sum of $378.33. Shortly after making the deposit mentioned, the intervener left Papillion, and worked in Iowa as a farm hand. He knew nothing about the bank being in

the hands of a receiver until in September, 1927. On September 30, 1927, for the first time he filed his claim, and on October 8, 1927, with leave of court granted by an order of October 8, 1927, without notice to the receiver, he filed his petition of intervention praying for the allowance of his claim and for an order directing that it be paid by order upon the guaranty fund. The proceeds from the assets of the bank had not yet been distributed. In his claim and also in his petition of intervention Halpin pleads the fact that he did not know of the bank being in the hands of a receiver until just before filing his claim, and that no notice to creditors was received by him. The receiver pleads that the allowance of the claim is barred by the provisions of section 21, ch. 191, Laws 1923, upon the theory that such section is a special statute of limitations.

The sole question involved herein is whether or not the trial court erred in allowing Halpin's claim under the facts as above stated. Section 21, ch. 191, Laws 1923, which was in effect, not only when the receiver was appointed, but also when Halpin's claim and petition of intervention were filed, provides as follows:

"Within twenty days after taking possession of any insolvent bank, the receiver shall file in the district court of the county in which the bank is located, a petition setting forth the name and address of each of the creditors of such bank as shown by the books thereof, or known to be creditors by such receiver, and ask for an order limiting the time for filing and fixing the date for hearing on the claims of such creditors. No notice shall be necessary of the hearing on said petition and a judge of said court may hear the same at any time or place within the state at his convenience. Such time for filing claims shall be not more than sixty days nor less than thirty days from the entry of said order, and the date for hearing shall be not more than thirty days thereafter. Within seven days after said order is entered, the receiver shall mail to each known creditor of such bank, a notice of the time, and place of the hearing on claims by the court, and with such notice, shall send a

blank form for filing of claims by the creditor. Such claim shall be sworn to by the creditor or a representative thereof, and filed with the receiver or the clerk of the court. Any claim not presented at the place or within the time fixed by such notice, shall be forever barred unless the court shall by order direct payment thereof thereafter, which order may be entered upon a showing within six months from time fixed by such notice, that the creditor did not have knowledge of the closing of said bank within the time to permit filing of the claim before the date fixed by the court for hearing claims. Such receiver shall also post notice for filing claims on the door of such bank and within three weeks from the date of the order fixing the time for hearing on claims, give notice by publication in such newspaper as the court may direct, once in each week for two weeks, requiring all persons having claims against such bank to obtain forms therefor to verify their claims and present the same to the receiver or to the clerk of the court within the time fixed in such notice."

Intervener Halpin first claims that the provisions of said section were not strictly followed, in that the notice was not mailed to him, but rather simply addressed to him at the town where the bank was located; and, second, claims that such section is contrary to section 1, art. II of the Nebraska Constitution, as being an interference by the legislative with the judicial department of the state, in that it attempts to limit the discretion of the court in its action on claims, rather than to place a bar upon the remedy of the creditor. The following observations relative to said section seem warranted:

(1) The books of the bank determine the name and address of the only persons to be listed as creditors.

(2) Notice to file claims is only mailed to each known creditor.

(3) No diligent search is required to discover unknown creditors, or whereabouts of persons known to be creditors.

(4) There is no provision that the notice in its form shall be directed to any creditor by name.

(5)   The only provision for the appearance of the name or address of any creditor as shown by the books of the bank relates to such appearance on a petition to be filed in court and upon an envelope in which the notice is to be mailed.

(6)   No time is fixed as to when a notice shall be posted on the door of the bank.

(7)   Under the provisions of the act the time for filing claims could elapse prior to the end of the week in which the second publication of the notice was made.

(8)   The act contains no provision to the effect that the act of making the deposit shall be a consent to the manner of service of notice to file claims provided by the section in case it is placed in receivership.

(9)   The act does not expressly provide an absolute bar to action upon a claim not filed within the time prescribed by the court's order, even to a creditor who actually received the notice, but instead contains the words "unless the court shall by order direct payment thereof thereafter," etc.   Such order directing payment "thereafter" could, by the provisions of the section, be made without any claim ever being filed.

(10)   There is no provision that the "showing" mentioned therein must be made within six months from any definite time, nor that the court may not direct payment upon some other "showing."

(11)   The time within which claims are to be filed is fixed by order of the court in the first instance, and not by the provisions of the section.

The necessity for some special limitation either by statute or court order upon the time within which claims should be filed against an insolvent bank is quite apparent. However, the reasons giving rise to this necessity are different than those that make necessary general statutes of limitations upon actions. The most urgent reason for filing claims within a very limited time against an insolvent bank in a receivership proceeding is that it greatly aids in a quick distribution of the proceeds from the assets, which

could not occur, at least as to the final dividend, until the total of all claims has been ascertained. If all claims against an insolvent bank are filed any time before final distribution of proceeds, the most urgent necessity for such a special limitation is met.

As an aid in determining the intent of the legislature in its passage of said section 21, it is well to state a few rules of law relating to statutes limiting the time in which actions may be brought. The legislature may by statute prescribe a reasonable limitation upon the time within which an action at law or in equity may be brought, and the statute that is in effect at the time the action is brought and applicable thereto is determinative of whether such action is barred, all subject to the restriction that such statute may not limit action on existing claims without allowing a reasonable time within which to bring action thereon. 37 C. J. 687. Such a statute, however, will not be extended by construction to include actions within the reason, but not within the words thereof. 37 C. J. 687-689; *Dringman v. Keith,* 86 Neb. 476; *Helbig v. Citizens Ins. Co.,* 234 Ill. 251. In *State v. Bank of Commerce,* 61 Neb. 22, this court held that a court may, in its discretion, permit a creditor to share in the assets of an insolvent bank, although his claim was not filed within the limit of the time that had been fixed by prior order of court for the presentation of claims. While the said section 21 was not in force at the time of the decision last mentioned, yet the time for presenting claims as fixed by court order had expired under the facts of that case, as is true in this case. See 7 C. J. 744.

With the provisions of said section 21, together with the reasons for its enactment, and also the rules of law above stated, in mind, no conclusion seems warranted in this case other than that the provisions of said section at least do not bar action upon a claim against an insolvent bank of a creditor who did not receive the notice to file claims which the section provides shall be mailed, and that the trial court did not abuse its discretion in allowing the intervener's

claim while the process of liquidation was still in progress and the proceeds from the assets not yet distributed, even though such claim was not filed within the time fixed by a prior general order of the court.

The question of whether or not said section 21 is unconstitutional on account of attempting to place a restriction upon the action of the court, rather than placing a bar upon the remedy of the creditor, as claimed by the intervener, or on account of attempting to bar the claim of the creditor without due process of law, or whether said section is not a special statute of limitations at all, but merely directory in its nature, are questions expressly not decided in this opinion.

For the reasons above stated, the decree of the trial court is affirmed and all costs in this court taxed to appellant.

AFFIRMED.

The following opinion on motion for rehearing was filed October 17, 1930. *Former opinion vacated, and judgment of affirmance adhered to.*

1. **Banks and Banking:** FILING CLAIMS: LIMITATION. Statutory special time limit for filing claims against an insolvent state bank will be applied to bar claims only when it appears that there has been a compliance with the statutory procedure and conditions.
2. **Appeal.** A judgment of the district court will not be reversed unless the record affirmatively shows that prejudicial error was committed.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

GOOD, J.

From a judgment of the district court, allowing as preferred and payable from the depositors' guaranty fund a claim in favor of Albert Halpin against the State Bank of Papillion, insolvent, the receiver of such bank has appealed.

This cause is now before us on a motion for rehearing. The former opinion appears, *ante,* p. 519.

On September 4, 1926, a receiver for the insolvent bank was appointed, and on the 15th of the same month he filed

in the district court a petition and designated mailing list of creditors of the insolvent bank. On the day following, the district court entered an order limiting the time for filing claims by the creditors of the bank to November 15, 1926, and fixing December 15, 1926, as the date for the hearing on claims. On September 20, 1926, the receiver caused to be published in a Papillion newspaper a notice to creditors, which was published in the issues of September 30 and October 7. On September 16 a copy of the same notice to creditors was posted on the door of the bank.

At the time the receiver was appointed, Halpin, a farm-hand, who had worked in the vicinity of Papillion, had on deposit in the State Bank of Papillion the sum of $378.33. This deposit was made in 1925, and some time thereafter Halpin removed to another state, and had no knowledge or information that the bank had become insolvent, or that notice had been given to creditors, until in the month of September, 1927. On the 8th day of October, 1927, he filed his claim with the receiver and asked that it be allowed as preferred. The receiver filed objections to the allowance of the claim, on the ground that, under the provisions of section 21, ch. 191, Laws 1923, and the order of the court fixing the time for filing claims, the claim was barred and could not be allowed.

Section 21, ch. 191, Laws 1923, *inter alia,* provides: "Within twenty days after taking possession of any insolvent bank, the receiver shall file in the district court of the county in which the bank is located, a petition setting forth the name and address of each of the creditors of such bank as shown by the books thereof, or known to be creditors by such receiver, and ask for an order limiting the time for filing and fixing the date for hearing on the claims of such creditors. * * * Such time for filing claims shall be not more than sixty days nor less than thirty days from the entry of said order. * * * Within seven days after said order is entered, the receiver shall mail to each known creditor of such bank a notice of the time, and place of the hearing on claims by the court. * * * Any claim not presented at the place or within the time fixed by such

notice, shall be forever barred unless the court shall by order direct payment thereof thereafter, which order may be entered upon a showing within six months from time fixed by such notice, that the creditor did not have knowledge of the closing of said bank within the time to permit filing of the claim before the date fixed by the court for hearing on claims. Such receiver shall also post notice for filing claims on the door of such bank and within three weeks from the date of the order fixing the time for hearing on claims, give notice by publication in such newspaper as the court may direct, once in each week for two weeks, requiring all persons having claims against such bank to obtain forms therefor to verify their claims and present the same to the receiver or to the clerk of the court within the time fixed in such notice."

The receiver insists that the claim is forever barred, since it was not filed with the receiver or with the clerk of the court until more than six months had elapsed after the time fixed in the order of the court for filing claims.

Assuming, without so deciding, that the statute is valid and should have the interpretation placed upon it by the receiver, we are required to determine whether the facts presented by the record are sufficient to require the application of the time limitation, provided by the statute, to the case in hand. The only evidence preserved in the bill of exceptions is a stipulation by the parties. On this stipulation and the matters therein referred to, the cause was submitted to and decided by the trial court, which overruled the receiver's objections and allowed the claim as preferred.

The stipulation contains the following: "That on September 15, 1926, said R. O. Brownell as such receiver filed with the clerk of the district court of Sarpy county, in which county said insolvent bank was located, a 'petition' and designated 'Mailing List of Creditors of the State Bank of Papillion,' and which is now on file in book 1 of the pleadings in above case No. 4298, and it is stipulated that said 'petition' or 'Mailing List of Creditors of the State Bank of Papillion' be considered as evidence by the court,

together with the verification thereto." The petition and mailing list of creditors, referred to in the stipulation, are not incorporated in the bill of exceptions, nor are they in the record presented to this court. Another excerpt from the stipulation is as follows: "That on September 20, 1926, said receiver furnished the Papillion Times, a legal newspaper printed at Papillion, Nebraska, with a notice to creditors, which notice was published in the issues of said newspaper of September 30 and October 7, 1926. That on September 16, 1926, a copy of said notice to creditors was posted on the door of the State Bank of Papillion. It is also stipulated that the copy of the printed notice shown in Vol. 1 of said case No. 4298 is a correct copy of the notice published and the one posted." The notice therein referred to is not in the bill of exceptions nor in the record. We are not advised by the record as to the grounds or reasons for the court's decision. It is stated in appellant's brief that the trial court did not give the reason or authority upon which the decision was based.

Do these facts, disclosed by the record, require the application of the statute of limitations provided in section 21, ch. 191, Laws 1923? For aught that appears, the trial court may have deemed the petition and mailing list, referred to in the stipulation, insufficient in form and substance to warrant making the order of the court above referred to; or the court may have deemed that the notice to creditors, posted on the door of the bank and published in the newspaper, was insufficient in form and substance to give due notice to creditors, and that it did not comply with the statute. It is apparent that the trial court had before it material evidence on which to base its decision, but which is not preserved in the bill of exceptions. This evidence may have been sufficient to justify the court's action in overruling the receiver's objections and allowing the claim.

We are unable, therefore, to determine that the trial court committed any error in the judgment from which the appeal is taken. It is a well-recognized rule that on appeal, before a cause will be reversed, error must affirma-

tively appear and will not be presumed. Applying this rule to the record before us, we are necessarily compelled to affirm the judgment of the district court.

The conclusion reached renders it unnecessary to consider any of the other questions raised and presented in the briefs and on oral argument.

The former opinion is hereby vacated, and, since no error affirmatively appears, the judgment of affirmance is adhered to.

AFFIRMED.