MASON *v.* GORMLEY, superintendent of banks.

No. 9251.   SEPTEMBER 14, 1933.
ADHERED TO ON REHEARING, SEPTEMBER 26, 1933.

*Jones, Johnston, Russell & Sparks* and *Mallory C. Atkinson,* for plaintiff in error.

*Boyd Sloan,* contra.

BECK, P. J.   W. A. Mason filed an intervention in the case of Citizens Bank of Eustis et al. *v.* Georgia State Bank, which was pending in the Fulton superior court.   The facts alleged in the intervention are, in substance, that the Georgia State Bank, located in Fulton County, Georgia, and its various branches, including the Hawkinsville branch, known as the Georgia State Bank of Hawkinsville, went into liquidation July 13, 1926.   Mason was a depositor in the Hawkinsville branch, and had $3449.29 on deposit in that bank when it closed.   Shortly before the Hawkinsville bank closed, he had drawn a check on account for over $3000.   He took the position that the payee was negligent in failing to present the check for payment before the bank closed, and that the loss which resulted from the closing of the bank should have been borne by the payee, and not by him.   This contention was litigated, and in consequence thereof proof of claim was not made promptly.   In

May, 1928, an agreement was made between Mason and the payee, whereby Mason was to file proof of claim without prejudice to the rights of either party. Mason testified that he filed a proof at that time pursuant to that agreement. The claim that he had filed proof at the time alleged was contested, and this question was decided by the judge adversely to Mason. In January, 1932, Mason filed proof of claim. Gormley, superintendent of banks, filed an answer, in which it was admitted that Mason, "trustee," was a depositor in the Georgia State Bank, as alleged; that he filed claim with respondent about January 20, 1932, and that a copy of the affidavit was attached as alleged. Respondent alleged that on July 18, 1929, the court passed an order requiring citation to be issued and published, calling upon all persons holding claims against the Georgia State Bank or any of its branches to file claims with the superintendent of banks within thirty days from that date; that the citation was duly issued and published on July 24 and 31, 1929, complying in every respect with the order of the court; that intervenor filed no claim and made no demand upon respondent or any agent of the Georgia State Bank; and that intervenor's claim was barred.

Evidence was submitted, and the court rendered the following judgment: "The court considers, with some doubt, that the notice published in 1927 was legal notice to creditors of all branches, wherever located; that no formal written claim was presented for approval within one year of the date of the publication; that intervenor should be barred, under the order of July, 1929, from claiming any discretionary or legal rights of the court, for failing to file his intervention prior to May 25th, 1932. Accordingly it is ordered and decreed by the court that prayers of intervenor, W. A. Mason, be and the same are denied upon hearing before the court upon the law and the facts. The intervenor excepts to this judgment, contending that the notice published in the Fulton County Daily Report in 1927 was not a sufficient compliance by the superintendent of banks with the section of the banking act of 1919, requiring publication of a notice to depositors in the newspaper of the county in which the bank is located, the Georgia State Bank of Hawkinsville being located in Pulaski County, and not in Fulton County; that his right as a depositor of the Georgia State Bank to participate in the distribution of the assets of that bank did not become barred by

the order of the superior court of Fulton County in July, 1929, or by the publication of the notice to depositors pursuant to said order, because said order did not on its face purport to shut off or bar depositors who failed to file their claims within the time specified, and because intervenor's right to file his claim and to participate in the distribution of the assets of said bank should be barred under said order, if at all, only where the assets of the bank have been distributed pursuant thereto and before the filing of his claim; that ample funds are in the hands of the superintendent of banks with which to pay dividends on intervenor's claim; and that it is apparent that no confusion or hardship will result to the superintendent of banks or to other depositors or creditors of the Georgia State Bank from the delay in the filing of intervenor's claim, or from the allowance of his claim at the present time; that ample showing was made to excuse the delay in the filing of intervenor's claim; that it was an abuse of discretion to reject his claim in so far as this rejection was based upon the order of July 18, 1929; and that as a matter of law no statute of force in this State and no order of the superior court of Fulton County in this case had operated to shut off his right to file his claim.

The court did not err in rendering the judgment excepted to. In article 7, section 13, of an act approved August 16, 1919, to regulate banking in the State of Georgia (Ga. L. 1919, pp. 135, 158, Park's Code Supp. 1922, § 2268(m), Michie's Code, § 2366(64)), it is provided that, "The superintendent shall cause notice to be given by advertisement in the newspaper in which the sheriff's advertisements of the county in which the bank is located are published, and in any other newspaper which in the opinion of the superintendent may be necessary or advisable, once a week for four weeks, calling on all persons who may have claims against the bank to present the same to the superintendent and make sworn proof thereof, filing the same with said superintendent at the office of the bank, and within any time to be specified in the notice, not less than ninety (90) days from the date of the first publication of the notice. A copy of this notice shall be mailed to all persons whose names appear as creditors upon the books of the bank." And in section 18 of the same article as amended (Ga. L. 1925, p. 128, Park's Code Supp. 1926, § 2268(r), Michie's Code, § 2366(69)), it is provided: "Claims filed with the superintendent after the

expiration of the time fixed in the notice to creditors, as herein provided, shall be entitled, after they have been allowed by the superintendent, to share in the distribution of the assets of the bank only to the extent of the assets undistributed and in the hands of the superintendent at the time such claims are filed; provided, however, that no claim shall be allowed, or shall participate in the distribution of the assets of such bank, but same shall be completely barred unless the same be filed within twelve months after the expiration of the time fixed in the notice to creditors, as herein provided." Applying these provisions as to giving notice and filing proof of claims to the facts of this case, the intervenor's claim was clearly barred, and the judge did not err in so holding, if the notice given by advertisement in the newspaper in which the sheriff's advertisements of the county in which the bank is located are published was sufficient compliance with the law as to notice, though no publication was made in a paper in Pulaski County where the Hawkinsville branch of the bank was located. We are satisfied that the publication in the proper paper in Fulton County, where the Georgia State Bank was located, was sufficient, and it was not necessary to publish it in a paper in Pulaski County. The statute relating to notice to creditors and proof of claim provides that, "The superintendent shall cause notice to be given by advertisement in the newspaper in which the sheriff's advertisements of the county in which the bank is located are published." In this case "the bank" was located in Fulton County. While the intervenor was a depositor in the branch bank at Hawkinsville, that bank was but a part of "the bank" in question. The Georgia State Bank was a corporate entity, and the Hawkinsville bank was not a separate corporate entity. It was a "branch of the corporate entity." *Citizens & Southern Bank* v. *Taggart,* 164 *Ga.* 351 (138 S. E. 898). The expression "the bank," in the statute relating to notice to creditors and proof of claims, has reference to a corporate entity, and the entity is the parent bank and all of its branches. The branch banks have certain functions. They may have their boards of directors, as the present branch bank has. And if notice was published of the insolvency of the Georgia State Bank in Fulton County, it was a notice as to the condition of all the branches, and depositors were bound to take notice of the advertisement duly made. This works no hardship upon the depositors in the Hawkinsville Bank. The

depositors there knew that it was but a branch of the Georgia State Bank; and if they wished to keep informed of its real condition, they should also have taken notice of the condition of the bank of which the Hawkinsville bank was but a branch.

Having held that the advertisement of the notice to creditors was properly made in a newspaper in Fulton County, it seems to us necessarily to follow that the judge should hold that the claim of intervenor in this case was barred. He had complied neither with the statute as to filing proof of claim, nor with the order of the court. It is true that there is some contention on the part of the intervenor that he had filed his claim and proof of loss, but the finding of the court was against him on that contention; and this finding, being based on conflicting evidence, will not be disturbed.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Gilbert, J., who dissent.*