[No. 24644. Department Two. November 22, 1933.]

BENJAMIN H. FOTHERINGHAM, *as Executor, Appellant,*
v. SPOKANE SAVINGS BANK *et al., Respondents.*[1]

*D. R. Glasgow,* for appellant.

*Dillard & Powell, Robertson & Smith,* and *Hart Snyder,* for respondents.

HOLCOMB, J.—David B. Fotheringham and Mary Fotheringham, his wife, entered into a lease in 1926 with Spokane Theatres, a corporation, for a term ending December 31, 1930, covering a building occupied as a theatre on property adjacent to that occupied by the Spokane Savings Bank, a corporation. Later, the

[1]Reported in 27 P. (2d) 139.

lease was extended to December 1, 1933, at a rental of five hundred dollars per month.

The Spokane Savings Bank, in 1929, entered into a lease with Fotheringham and wife covering the same property leased to the Spokane Theatres for a term of fifty years, beginning with the expiration of the lease to the theatre company, but providing that the lease should begin at once and possession should be given to the bank.

On September 11, 1931, Spokane Theatres became financially involved, and the Spokane Savings Bank entered into an agreement with Mary Fotheringham personally and as executrix of the estate of David B. Fotheringham, deceased, by the terms of which the bank assumed and agreed to pay all of the obligations under the lease between the Fotheringhams and Spokane Theatres.

In February, 1932, Mary Fotheringham died, and appellant was appointed executor of her estate. The bank continued to pay the installments of rental on the lease of Spokane Theatres monthly, to and including June, 1932. The Spokane Savings Bank became insolvent on June 15, 1932, and the supervisor of banking took over its assets for liquidation.

On June 20, 1932, the supervisor of banking served notice upon appellant that he elected to repudiate the lease entered into between Fotheringham and wife and Spokane Theatres, Inc., the extension thereof, and the agreement of subrogation between Mary Fotheringham, personally and as executrix of the estate of David B. Fotheringham, deceased.

On July 12, 1932, the supervisor gave notice in the manner provided by law requiring the presentation and proving of claims. On October 5, 1932, and within the ninety-day period provided by law for filing claims, appellant presented a duly verified claim to the super-

visor in the sum of $1,939, representing unpaid installments of rent claimed for the months of July, August, September and October, 1932, less certain credits for collections of other rentals. On October 25, 1932, the supervisor rejected the claim.

On December 8, 1932, summons and complaint in this suit on the rejected claim were served by appellant. It was not then filed with the clerk of the court, however, and not until February 2, 1933, being more than three months subsequent to such rejection.

On March 2, 1933, appellant presented a further claim to the supervisor for the months of November and December, 1932, January, February and March, 1933, in the total sum of $2,500, less other rentals received and credited amounting to $65.18. The last claim was not accepted by the supervisor. On March 16, 1933, appellant filed a supplementary complaint, including therein the amount of such additional claim.

The case was tried in the lower court without a jury, who concluded in favor of respondent that the action could not be maintained because of failure to comply with the nonclaim statute, and dismissed the action.

The only assignment of error by appellant is based on the decision of the court that the claim of appellant was barred by the statute of limitations. Although only one error is assigned, one other is argued in the brief, which seems to be based upon the contention that the supervisor being under the law the same as a receiver in equity (*Weatherwax v. Johnson,* 161 Wash. 80, 296 Pac. 182; *In re Cashmere State Bank,* 169 Wash. 258, 13 P. (2d) 892), and that the insolvency of a corporation does not terminate its existence, that the liquidator as a receiver had no right·to relieve the assets in his hands from further liability from rentals accruing under the leases in question.

The applicable statute in this case, Rem. Rev.

Stat., § 3270, provides that the supervisor of banking shall publish weekly for four consecutive weeks, in a newspaper which he shall select, a notice requiring all persons having claims against such corporation to make proof thereof at the place therein specified not later than ninety days from the date of the first publication of such notice, which date shall be therein stated. There is a further provision that claims of depositors may be presented after the expiration of time fixed in the notice, and, if approved, shall be entitled to their proportion of prior dividends if there be funds sufficient therefor, etc. Then follows the positive provision:

"After the expiration of the time fixed in the notice the supervisor of banking shall have no power to accept any claim except the claim of a depositor, and all claims except the claims of depositors shall be barred."

We have held that Rem. Rev. Stat., § 1477, applying to presentation and filing of claims against estates in probate, is mandatory and must be strictly followed. *Davis v. Shepard*, 135 Wash. 124, 237 Pac. 21, 41 A. L. R. 163; *Horton v. McCord*, 158 Wash. 563, 291 Pac. 717. There is more cogent reason for the strict application of the statute involved in this case than there is of the probate statute, for the reason that this statute affects a much greater portion of the public and it is of more public concern.

Appellant, not being a depositor, but only a creditor of unpaid rentals, and not having complied with the statute prescribing the filing of claims within ninety days, is not entitled to maintain this action and it was properly dismissed.

Regarding the other contention of appellant, he concedes and even alleges that the liquidator gave notice of rejection and repudiation of the lease.

When a receiver becomes possessed of premises be-

longing to an insolvent lessee, or tenant, if he adopts the contract or ratifies it, he becomes liable according to the terms of the contract. *Johnson v. California-Washington Timber Co.,* 161 Wash. 96, 296 Pac. 159. The general principle, well settled by the authorities, is that a receiver has, subject to the order of the court, the right to elect whether he will perform the contract or not, and is entitled to a reasonable time after taking possession in which to make such election. See cases cited in the *Johnson* case, *supra,* and in *Spencer v. Columbian Exposition,* 163 Ill. 117, 45 N. E. 250.

In the instant case, the liquidator having, within a reasonable time, renounced and rejected the lease, as he manifestly had the legal right to do, and there being no other estate than the estate of the insolvent liable under the leases for their further performance, such action definitely terminated the right to recover any further rentals, or damages. This was not an abandonment, but a termination of the lease by operation of the law.

The cases cited by appellant, of which *Brown v. Hayes,* 92 Wash. 300, 159 Pac. 89, is to some extent typical, where a tenant abandoned the premises, thus giving the landlord the right to treat the lease as terminated and re-enter and sue for damages, are not in point in such a situation as here presented.

We conclude that the judgment dismissing the action of appellant is correct, and it is affirmed.

BEALS, C. J., TOLMAN, BLAKE, and GERAGHTY, JJ., concur.