MCFARLAN *v.* FOWLER BANK CITY TRUST
COMPANY ET AL.

[No. 27,006. Filed February 7, 1938. Rehearing denied
April 27, 1938.]

*Edgar S. Randolph, Leonard H. Freiberg* and *John B. Randolph,* for appellant.

*Harry P. Schultz* and *Michael T. Ricks,* for appellees.

SHAKE, J.—On May 11, 1933, appellant and two others borrowed ten thousand ($10,000.00) dollars from a Cincinnati bank. The proceeds of the loan, less the discount, were placed with the Fowler Bank City Trust Company, of Lafayette, Indiana, subject to withdrawal on the joint order of the appellant and his two associates. Appellant claims that thereafter the Lafayette bank permitted the withdrawal of the funds to his loss, without his knowledge, consent or direction. He made claim upon the bank for redress and was advised by its officers on December 9, 1933, that the matter was receiving the consideration of its attorneys. Subsequent thereto, the appellant made a trip to Lafayette and had a conference with the president of the bank, who asked for further time to investigate the complaint. The date of this visit is not disclosed. On January 2, 1934, the Fowler Bank City Trust Company was closed by order of the Department of Financial Institutions of the State of Indiana, and the appellee is the liquidating agent.

It does not appear from the record that the appellant took any further steps to present his claim until June 12, 1935, when he filed and presented a petition to the Tippecanoe Circuit Court asking for an extension of time to and including September 24, 1935, to file his claim against the trust. The petition recited the above facts and further stated that the appellant was a nonresident of the State of Indiana and had no knowledge or information of the condition of the Fowler Bank City Trust Company or that it had passed under the

control of the Department of Financial Institutions until after the time regularly fixed for the filing of claims had expired. The circuit court sustained the petition and granted the relief prayed for. On September 24th the appellant filed his verified claim in two paragraphs. By the first paragraph he sought to establish a preference and by the second a general claim against the trust.

Thereafter, on November 27, 1935, the appellee, as liquidating agent, filed in the circuit court below his verified petition to set aside and annul the order extending the time for the filing of the appellant's claim, and to dismiss the same. In appellees' petition it is disclosed that the Lafayette bank had been in liquidation since June 2, 1934; that the Department of Financial Institutions had given notice by publication on June 15, 22, and 29, 1934, in a newspaper of general circulation in the county, fixing August 14, 1934, as the last date when creditors and others might file their claims with the court in the administration and settlement of said trust; that appellant did not file or present his claim, or ask for an extension within the time fixed, and that the order of extension entered on June 12, 1934, was made by the court without notice to or knowledge of the appellees. The court heard oral arguments on the motion to set aside the order extending time and to dismiss, and thereafter sustained the motion and dismissed appellant's claim. The appellant excepted, and prosecutes this appeal.

The statutory provisions with respect to notice to creditors of closed banks in this state, the time within which claim shall be filed, and the granting of extensions for that purpose, are all contained in Section 57, Chap. 40, Acts of 1933, §18-317 Burns' Ann. St. 1933, (§7779 Baldwin's 1934), which has been amended by Section 11, Chap. 5, Acts of 1935 (§18-317 Burns 1933,

§7779 Baldwin's Supp. 1935). We quote so much of Section 57 as bears upon the question presented by this appeal:

"Upon the filing of the statement of liabilities with the clerk, the department shall also give notice, by publication, once each week for three successive weeks, in some newspaper of general circulation, printed or circulated in the county where the liquidation proceedings are pending, that the statement of liabilities and the recommendations as to the allowance or disallowance of claims have been filed with the clerk of the court, and fixing a date, not less than sixty days after the date of such notice, within which any creditors, shareholders or other persons interested, may appear and, by petition filed in the court, assert any claims or priorities thereon or object to the allowances or disallowances recommended by the department. Within the time fixed by the notice, any creditor, shareholder or other person interested, may, by verified petition filed in the court, assert his claim, or any priority thereon, or oppose the allowance of any claims appearing upon the statement, or asserted by any other creditor, and the department, or any creditor, shareholder or other person interested, within such time as may be fixed by the court, may oppose the allowance, with or without priority, of the claims asserted by any creditor or creditors. The court may, upon good cause shown, extend the time for the filing of such statement of liabilities by the department and the time for filing of any petition or objection by any person for the allowance or disallowance of any claim herein contemplated. Any creditor who fails to appear and file his petition, as above provided, within the time fixed by the notice, or by any extension granted by the court, shall be forever barred from asserting any claim different from that recommended by the department, or from asserting any claim to priority, and from contesting or opposing the allowance, with or without priority, of any claim asserted by any creditor."

". . . the purpose of section 57, *supra,* in fixing the time for filing claims, is to expedite and wind up as

speedily as possible the settlement of banks in liquidation and for this reason creditors are not permitted to be allowed to defeat the object of the Act by delay in filing their claims by being guilty of laches or negligence." *Dep't of Financial Institutions* v. *Union Bank and Trust Co.* (1937), 212 Ind. 97, 106, 8 N. E. (2d) 235, 239.

It is clear that the appellant was not entitled, as a matter of right, to file his claim after August 14, 1934. It is equally clear, we think, that his petition of June 12, 1935, was addressed to the sound discretion of the trial court. The only question presented for our determination is whether the trial court abused its discretion when it set aside the extension of time granted on June 12th and dismissed the appellant's claim.

Judicial discretion is the option which the judge may exercise between the doing and the not doing of a thing, the doing of which cannot be demanded as an absolute right of the party asking it to be done. An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. The exercise of a lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal. Bowers' Judicial Discretion of Trial Courts (1931), §§10 to 12.

In determining whether there was any abuse of discretion on the part of the court below it is important to have in mind a clear understanding of the facts upon which it acted.

After reciting that the bank advised appellant by letter on December 9, 1933, that his claim had been re-

ferred to its attorneys for further consideration, and after stating that the appellant made a subsequent trip to Lafayette where the president of the institution told him that the bank wished further time to complete its investigation and to contact a bonding company, the appellant's petition for an extension of time to file his claim against the liquidating agent continues and concludes:

"That your petitioner relied upon the request and representation of the President of said Trust Company and its Attorneys and did not take further action to press his claim until he should be further advised by said Officer and Attorneys. That your petitioner does not live within the State of Indiana and did not have knowledge of the condition of the affairs of Fowler Bank City Trust Company until that Institution had passed under the control of the Department of Financial Institutions of the State of Indiana and until after the time regularly fixed for the filing of the claims against said institution had expired."

We cannot say that the denial of this petition was an abuse of discretion. As appellee points out, the appellant took no steps to present his claim for ten months after the expiration of the time fixed in the statutory notice. This was more than a year and a half after the last date disclosed by the record, when appellant made any effort to assert his claim. Bearing in mind that appellant was a non-resident of the state; that he had no actual knowledge of the condition of the bank or that it had passed into liquidation, and that throughout all that period of time he was relying on the promise of the president of the institution to advise him of the results of its investigation, we cannot say that appellant has not been guilty of laches or negligence. We cannot conceive that a man of ordinary prudence would wait eighteen months for a bank to reach a decision with respect to its liability on a claim in his favor of nearly

$10,000.00, without making some inquiry as to the progress of the matter or the solvency of the institution. The fact that the claimant is a non-resident of the state does not appeal to us a sufficient circumstance to render such neglect excusable.

Appellant has pressed upon us for consideration three cases from other jurisdictions, which he says are decisively in his favor. These are: *State ex rel. Spillman, Atty. Gen.* v. *State Bank of Papillion* (1930), 119 Neb. 519, 232 N. W. 585; *Mason* v. *Gormley* (1933), 177 Ga. 626, 170 S. E. 881, and *Fotheringham* v. *Spokane Sav. Bank* (1933), 175 Wash. 169, 27 P. (2d) 139. We have carefully examined these authorities and do not find that they sustain appellant's position. In the Fotheringham case, last cited, the Supreme Court of Washington said with respect to a provision of the statutes of that state limiting the time for filing claims against banks in liquidation: "There is more cogent reason for the strict application of the statute involved in this case than there is of the probate statute, for the reason that the statute affects a much greater portion of the public and it is of more public concern." It may be observed, in passing, that our statute relating to the settlement of decedents' estates requires claims to be "filed at least thirty (30) days before final settlement." No exception is made in favor of non-residents, nor is any discretion lodged in the court to extend the time. Acts 1931, Ch. 81, § 1, §6-1001 Burns' Ann. St. 1933, §3119 Baldwin's 1934.

No abuse of discretion is shown, and the judgment of the trial court is therefore affirmed.